Monte N. Stewart (ISB #8129)
Daniel W. Bower (ISB #7204)
**BELNAP STEWART TAYLOR & MORRIS PLLC**
12550 W. Explorer Drive, Suite 100
Boise, Idaho  83713
Telephone:  (208) 345-3333
Facsimile:  (208) 345-4461
stewart@belnaplaw.com
dbower@belnaplaw.com

Stephen V. Bomse
Robert A. Rosenfeld
**ORRICK HERRINGTON & SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759
sbomse@orrick.com
rrosenfeld@orrick.com

*Counsel for Defendants Blaine Larsen, Blaine Larsen Farms, Inc.,*
*Driscoll Potatoes, Inc. and Rigby Produce, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | **Case No. 4:10-MD-02186-BLW** |
| | Judge B. Lynn Winmill |
| THIS DOCUMENT RELATES TO: | |
| *Brigiotta's Farmland Produce and Garden Center, Inc. v. United Potato Growers of Idaho, Inc., et al., Case No. 4:10-CV-307* | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST BLAINE LARSEN, BLAINE LARSEN FARMS, INC., DRISCOLL POTATOES, INC. AND RIGBY PRODUCE INC. |
| *Todd Simon v. United Potato Growers of Idaho, Inc., et al., Case No. 4:10-CV-520* | |
| *Heiden et al. v. United Potato Growers of America, Inc., et al., Case No. 4:10-CV-546* | Case No. 4:10-CV-307<br>Case No. 4:10-CV-520<br>Case No. 4:10-CV-546<br>Case No. 4:10-CV-576 |
| *Rizzo, et al. v. United Potato Growers of America, Inc., Case No. 4:10-CV-576* | |

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6), defendants Blaine Larsen, Blaine Larsen Farms, Inc., Driscoll Potatoes, Inc. and Rigby Produce, Inc. respectfully submit this memorandum in support of their Motion to Dismiss. By this motion, defendants seek dismissal of claims against them in the following matters: *Brigiotta's Farmland Produce and Garden Center, Inc. v. United Potato Growers of Idaho, Inc., et al.*, case no. 4:10-CV-307; *Todd Simon v. United Potato Growers of Idaho, Inc., et al.*, case no. 4:10-CV-520; *Heiden et al. v. United Potato Growers of America, Inc., et al.*, case no. 4:10-CV-546; *Rizzo, et al. v. United Potato Growers of America, Inc.*, case no. 4:10-CV-576.[1]

## INTRODUCTION

In the separate brief addressing the Capper-Volstead exemption, the cooperatives and associated growers have demonstrated that these actions should be dismissed because the allegedly unlawful conduct is exempt from antitrust liability under both federal and state law. If the Court grants the cooperative and grower defendants' motion on that ground, it need not reach this separate motion which is filed on behalf of three corporate entities who allegedly were members of the defendant cooperatives as well as one individual shareholder of one of those corporate entities.

---

[1] This motion applies to all of the cases in which the above named defendants have been named and served. The three corporate defendants have been named in all of the consolidated actions but have not been served in *Florez v. Idahoan Foods, LLC*, Idaho Case No. 10-CV-583, N.D. Cal. Case No. 10-CV-3984 and *Marvilla v. United Potato Growers of Idaho, Inc.*, Idaho Case No. 10-CV-575, N.D. Cal. Case No. 10-CV-3954. Defendants expressly reserve their right to assert all defenses available to them in those matters, including but not limited to the defenses under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12 (b)(4), 12(b)(5) and 12(b)(6). Blaine Larsen is named as a defendant in only two indirect purchaser actions: *Heiden et al. v. United Potato Growers of America, Inc., et al.*, initiated in the Eastern District of Wisconsin *and Rizzo, et al. v. United Potato Growers of America, Inc.*, initiated in the District of Vermont.

However if the Court declines to dismiss this action for that reason, or if it does so with leave to amend, the Court should dismiss the action against these moving defendants because the direct and indirect purchaser complaints fail to allege their particular involvement in illegal activity with the specificity required by *Twombly* and the numerous subsequent antitrust cases applying its teaching. Plaintiffs allege no more than that the moving defendants were participants in United Potato Growers of Idaho, Inc. ("UPGI"). That type of generalized allegation with respect to members (even board members) of organizations that are accused of violating the antitrust laws has been repeatedly held insufficient as a matter of law to state a claim against individual organization members, including in two important Ninth Circuit cases, *Kendall v. Visa U.S.A., Inc.* 518 F. 3d 1042 (9th Cir. 2006) and *Kline v. Coldwell Banker & Co.,* 508 F.2d 226 (9th Cir. 1974). The same result should be reached here. [2]

## PLAINTIFFS' ALLEGATIONS

Plaintiffs' allegations are summarized in the Capper-Volstead brief and need not be repeated. Simply put, plaintiffs accuse defendants of adopting a supply management program through a grower cooperative, UPGI, for the purpose of increasing the price of Idaho potatoes.

Blaine Larsen Farms, Inc., Driscoll Potatoes, Inc. and Rigby Produce, Inc. are alleged to have been part of UPGI and, as a result, to have been participants in its supply management

---

[2]    In addition to the issue discussed in text, the moving defendants also respectfully move pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) to dismiss the claims asserted against them in the indirect purchaser actions (*Simon, Heiden and Rizzo*) on the grounds of lack of jurisdiction and improper venue. There are not sufficient contacts by Blaine Larsen, Blaine Larsen Farms, Inc., Driscoll Potatoes, Inc. and Rigby Produce, Inc. to support either venue or personal jurisdiction in those actions. In the interests of efficiency, defendants join in and incorporate the discussion of those issues as set forth in the motion of other grower defendants and individuals. *See* Motion to Dismiss Claims Against Certain Defendants and Certain Associations and Memorandum in Support of Motion to Dismiss Claims Against Certain Defendants and Defendant Associations, pp. 4-15.

activities. However, in terms of specific allegations relating to those corporate defendants, plaintiffs allege only as follows:

1. Defendant Blaine Larsen Farms, Inc. is alleged to be an Idaho corporation that "grows, packs and distributes potatoes" in Idaho and elsewhere and "refers to itself as a 'vertically integrated potato grower'." One of Larsen's owners, Blaine Larsen, allegedly was "one of the founders of UPGI" and served on its Board. Plaintiffs further assert that Mr. Larsen was "an originator of the price-fixing scheme alleged [in the complaint]." DPC ¶¶67-70; 268; *see also* IPC ¶¶80-85; 285.

2. Defendant Driscoll Potatoes, Inc. also is alleged to be an Idaho corporation that is "an integrated potato producer," a "founding member of UPGI" and a "particip[ant] in the supply-restriction and price-fixing scheme" alleged in the complaint. One of its owners, Loraine Driscoll, is alleged to be an "incorporator" and former director of United Potato Growers of America, Inc. ("UPGA"). DPC ¶¶100-102; 269; IPC ¶¶108-111; 286.

3. Rigby Produce, Inc. is also alleged to be an Idaho corporation, an "integrated potato producer" and a "founding member" of UPGI. DPC ¶¶106-108; 269; IPC ¶¶115-118; 286.

Beyond these bare references, there are no substantive allegations regarding Larsen[3], Driscoll or Rigby anywhere else in either the direct purchaser or indirect purchaser complaints; nor reference to any specific activities undertaken by them which form the basis for plaintiffs' allegations of illegal activities. To the extent that plaintiffs allege wrongdoing on their part it is simply as part of the collection of "defendants" who, together and in undifferentiated and conclusory fashion, are alleged to have been involved in the activities which plaintiffs claim are unlawful. Although these collective allegations by their terms embrace the moving defendants,

---

[3]    Unless otherwise noted, the term "Larsen" is used to refer to both Blaine Larsen, the individual, and Blaine Larsen Farms, Inc.

they do not provide the Court with any additional specific information regarding Larsen, Driscoll or Rigby's specific involvement or conduct.

The closest that plaintiffs come to any specific reference to the activities of these defendants is in paragraph 246 of the Direct Purchaser complaint (or its Indirect Purchaser analogue, paragraph 268) which alleges that "all defendants involved in potato growing and selling operations herein (including...Blaine Larsen Farms...Driscoll Potatoes...[and] Rigby Produce...) were direct participants in the supply reduction scheme outlined herein and followed acreage reductions, participated in the bid-buy-down program, utilized information from marketing calls and packing reports and/or reduced the domestic supply of potatoes for the express purposes of fixing, raising, maintaining and/or stabilizing prices." *See also* DPC ¶¶ 170; 231; IPC ¶ 208.

## ARGUMENT

Given the Court's familiarity with the relevant pleading requirements under *Twombly* and the limited allegations against Larsen, Driscoll and Rigby, our discussion here will be brief. It is well-established that in considering a motion to dismiss under *Twombly,* each defendant is entitled to separate consideration. *Stanislaus Food Products Company v. USS-Posco Industries, 2010 WL 3521979* (E.D. Cal. 2010) at *18 ("The allegations fail to identify the conduct by each of the defendants for which plaintiffs seek to hold them liable); *see also Hinds County, Miss. v. Wachovia Bank N.A.*, 620 F.Supp. 2d 499, 512 (S.D. N.Y. 2009); *Invamed, Inc. v. Barr Labs., Inc.,* 22 F. Supp 2d 210, 221 (S.D. N.Y. 1998).

Tested by that standard, there is nothing in the consolidated complaints which even remotely begins to "answer the basic questions [of] who, did what, to whom (or with whom), where, and when." *Kendall,* 518 F. 3d at 1048; *see also In re Southeastern Milk Antitrust*

*Litigation*, 555 F.Supp.2d 934, 942 (E.D. Tenn. 2008) ("To allege an agreement between antitrust co-conspirators, the complaint must allege facts such as a specific time, place, or person involved in the alleged conspiracies to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin.") (internal citations to *Twombly* omitted.)  All that the complaints say about the moving defendants is that they are potato growers who were involved as members or, in some cases, as directors or "founders," of the defendant cooperatives that adopted and allegedly implemented the challenged output limitations. *See also* IPC ¶¶ 85,109, 116 (alleging that Larsen, Driscoll and Rigby, respectively, "participated" in the alleged conspiracy, but with no further detail).

That is not enough. Well before *Twombly,* it was settled law in this circuit that mere membership and participation in an organization whose activities purportedly violate the antitrust laws is insufficient, as a matter of law, to create liability under the antitrust laws. *See Kline,* 508 F. 2d at 232; *see also In re Citric Acid Litigation*, 191 F.3d 1090, 1098 (9th Cir. 1999).  In the wake of *Twombly,* that principle has been applied as a pleading issue. *Kendall, supra.*  Taken together, these decisions (and others which reach similar results), make it clear that the allegations regarding the participation of Larsen, Driscoll and Rigby in UPGI (and UPGA) are legally insufficient to state a claim against them.

In *Kline,* which arose in the context of a class certification issue, the question was whether members of the Los Angeles Realty Board could be held liable, on account of such membership, for price-fixing pursuant to a schedule of fixed brokerage fees adopted by the Realty Board.  Reversing a class certification order, the court held that they could not.  As the court explained, although "the Association is itself a sort of continuing agreement by which the fixing of prices might be effectuated....[t]his does not mean...that every member of the

Association, by reason of his membership alone, becomes a co-conspirator." 508 F.2d at 232

(quoting *Calif. Pharmaceutical Ass'n v. United States,* 306 F. 2d 379, 388-89 (9th Cir. 1967).

Rather, "in order for a member of a trade association to become...liable in a treble damage case

he must have 'knowingly, intentionally and actively participated in an individual capacity in the

scheme'." *Id.* Nor did it matter that the various broker defendants served as directors of the

organization which adopted the alleged price-fixing schedule. To the contrary, "[e]ach defendant

is clearly entitled to come forward and prove that he did not know of the commission schedule or

that he opposed it or ignored it...." 508 F. 2d at 233.

     *Kline* involved the issue of class certification and individualized proof, not pleading.

However, following *Twombly,* the Ninth Circuit specifically applied *Kline* to affirm dismissal of

claims against various banks who were members of the Visa payment card joint venture. *Kendall,*

518 F. 3d at 1047-48. In that case, plaintiffs challenged the legality of a rule adopted by the

venture that established a mandatory price schedule (known as an "interchange fee" schedule). *Id.*

at 1045-46. Visa's rule required banks that acted on behalf of merchants that accepted Visa cards

to remit a specified portion of the transaction amount of any Visa transaction to the member bank

that had issued the card used by the consumer to make her purchase. *Id* Plaintiffs claimed that

banks that participated in Visa, and thus were bound by its rules, were therefore liable, along

with Visa, itself. *Id.* at 1048.

     The court rejected that argument, relying on *Twombly* and *Kline*:

> Regarding the allegation that the Banks conspired to fix the interchange fee,
> merely charging, adopting or following the fees set by [the organization] is
> insufficient as a matter of law to constitute a violation of Section 1 of the
> Sherman Act [citing *Twombly* and *Kline*]. In *Kline* we held that membership in
> an association does not render an association's members automatically liable for
> antitrust violations committed by the association. *Kline,* 508 F.2d at 232. Even
> participation on the association's board of directors is not enough by itself.

*Kendall*, 518 F. 3d at 1048.

These cases render plaintiffs' allegations as to Larsen, Driscoll and Rigby plainly insufficient and require dismissal of the complaints against them regardless of the Court's disposition of the defendants' separate Capper-Volstead motion.  Plaintiffs plainly recognize this insufficiency since they try to remedy it by naming Blaine Larsen Farms, Inc., Driscoll Potatoes, Inc. and Rigby Produce, Inc. in paragraph 246 of the direct purchaser complaint which asserts that they, along with other enumerated cooperative-member defendants, participated in the UPGI supply management program. *See also* IPC ¶ 268.  However, far from remedying their pleading defect, these allegations simply highlight plaintiffs' obvious failure to meet the requirements of *Twombly* as interpreted by the Ninth Circuit in *Kendall.*

Not only does paragraph 246 fail to provide anything close to the kind of detail that *Twombly* and *Kendall* require, but it shows just how far from being able to meet that standard they are.  Specifically, after listing the names of various alleged coop members, plaintiffs allege that they are liable for having participated in the UPGI supply management program because they "followed acreage reductions, participated in the bid-buy-down program, utilized information from marketing calls and packing reports and/or reduced the domestic supply of potatoes for the express purposes of fixing, raising, maintaining and/or stabilizing prices." DPC ¶ 246.  Yet not only are we not told the "who, what and when" of *each* grower's supposed involvement, but there is no allegation that these actions were taken pursuant to an *agreement*-- let alone provided with any details constituting the specifics of such an agreement by each of the enumerated grower-defendants. *In re Southeastern Milk Antitrust Litigation*, 555 F.Supp.2d at 942; *see also In re Elevator Antitrust Litig.,* 502 F.3d 47, 50 (2d Cir. 2007) ("Such conclusory allegations of agreement at some unidentified point do not supply facts adequate to show

illegality") (internal quotations and alterations omitted); *Gavin v. Trombatore,* 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) ("Pleading the conspiracy requires at least some specific facts.")

Indeed, as if to underscore the point, plaintiffs' allegations are stated in the disjunctive, to wit: the growers are alleged to have engaged in one type of behavior "and/or" another. Did Larsen "participate" in the bid buy-down program? Or "utilize" information from marketing calls and packing reports? Or both? What about Driscoll? Rigby? The obvious explanation is that plaintiffs don't know. But, whatever the reason, plaintiffs' failure to answer these questions is testament to why their complaints must be dismissed. *See Gen-Probe, Inc. v. Amoco Corp.,* 926 F. Supp 948, 960 (S.D. Cal. 1996) (use of disjunctive allegations insufficient). As *Kline* reminds us, "membership liability is inherently an individual question." 508 F.2d at 233. And, for *Twombly* purposes, it is not answered by the kind of allegations found in either the direct purchaser or indirect purchaser complaints.

## CONCLUSION

For the foregoing reasons, the direct and indirect purchaser complaints should be dismissed as to defendants Blaine Larsen, Blaine Larsen Farms, Inc., Driscoll Potatoes, Inc. and Rigby Produce, Inc. either on the basis that they are barred by the Capper-Volstead exemption or for failure to satisfy the pleading requirements under Rule 12 (b)(6) as interpreted by the Supreme Court in *Twombly.*

Dated March 18, 2011.

Monte N. Stewart
Daniel W. Bower
**BELNAP STEWART TAYLOR**
**& MORRIS PLLC**
12550 W. Explorer Dr. Suite 100
Boise, Idaho  83713

Stephen V. Bomse
Robert A. Rosenfeld
**ORRICK HERRINGTON &**
**SUTCLIFFE LLP**
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669

*Counsel for Defendants Blaine*
*Larsen, Blaine Larsen Farms, Inc.,*
*Driscoll Potatoes, Inc. and Rigby*
*Produce, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of March, 2011, a true and correct copy of the foregoing document was served on all counsel of record using the Court's CM/ECF system

_Monte N. Stewart_

**Monte N. Stewart**

Albert P Barker
apb@idahowaters.com

Allan Steyer
asteyer@steyerlaw.com

Andrew G Deiss
adeiss@joneswaldo.com

Arthur N Bailey , Jr
abailey@hausfeldllp.com

Bart M Davis
bmdavis@bmdlaw.net

Benjamin Andrew Schwartzman
bschwartzman@bwslawgroup.com

Billie Jean Siddoway
bsiddoway@joneswaldo.com

Bonny E Sweeney
BonnyS@rgrdlaw.com

Brad P Miller
bmiller@hawleytroxell.com

Bruce S Bistline
bbistline@gordonlawoffices.com

Carmen A Medici
cmedici@rgrdlaw.com

Chad V. Bonanni
chad@essex.bpflegal.com

Christopher Emrich Ondeck
condeck@crowell.com

Daniel G Swanson
dswanson@gibsondunn.com

Daniel M Cohen
danielc@cuneolaw.com

Daniel W. Bower
dbower@belnaplaw.com

David J Syrios
dsyrios@ademilaw.com

Donald Amamgbo
donald@amamgbolaw.com

Donald Michael Barnes
dbarnes@porterwright.com

Douglas A Millen
dmillen@fklmlaw.com

Elizabeth McKenna
emckenna@milberg.com

Eric P Enson
epenson@jonesday.com

Eugene A Spector
espector@srkw-law.com

Gregory L Crockett
gregcrockett@hopkinsroden.com

Hollis Salzman
hsalzman@labaton.com

James A Wilson
jawilson@vorys.com

James E Hartley
jhartley@hollandhart.com

James J Pizzirusso
jpizzirusso@hausfeldllp.com

James S Lowrie
jlowrie@joneswaldo.com

Jay L Himes
jhimes@labaton.com

Jay S Cohen
jcohen@srkw-law.com

Jeffrey Alan LeVee
jlevee@jonesday.com

Jeffrey L Spector
jspector@srkw-law.com

John Michael Avondet
javondet@beardstclair.com

Jon T King
jking@hausfeldllp.com

Joseph Michael Barton
jbarton@glancylaw.com

Julio Joaquin Ramos
ramosfortrustee@yahoo.com

Kimberly A Kralowec
kkralowec@kraloweclaw.com

Lauren Block
lblock@milberg.com

Lionel Z Glancy
lglancy@glancylaw.com

Mark A Griffin
mgriffin@kellerrohrback.com

Matthew McBurney
mmcburney@crowell.com

Michael D Gaffney
gaffney@beardstclair.com

Michael Hausfeld
mhausfeld@hausfeldllp.com

Michael M Goldberg
mmgoldberg@glancylaw.com

Michael Kowsari
mkowsari@girardikeese.com

Michael P Lehmann
mlehmann@hausfeldllp.com

Mindee J Reuben
reuben@wka-law.com

Monte N. Stewart
stewart@belnaplaw.com

Neil D McFeeley
nmcfeeley@eberle.com

Paul Novak
pnovak@milberg.com

Peter Safirstein
psafirstein@milberg.com

Philip Howard Gordon
pgordon@gordonlawoffices.com

Phillip A. Proger
No email listed

Reginald Von Terrell
reggiet2@aol.com

Richard C Boardman
rboardman@perkinscoie.com

Robert Rosenfeld
rrosenfeld@orrick.com

Ronald J Aranoff
aranoff@bernlieb.com

Salvatore Anthony Romano
sromano@porterwright.com

Samuel G Liversidge
Sliversidge@gibsondunn.com

Sharron Williams Gelobter
sgelobter@yurumeinlaw.com

Stephen Bomse
sbomse@orrick.com

Stephen R Thomas
srt@moffatt.com

Steven A Asher
asher@wka-law.com

Steven A Kanner
skanner@fklmlaw.com

Steven B Andersen
sandersen@hollandhart.com

Susan G Kupfer
skupfer@glancylaw.com

Wade L. Woodard
wwoodard@bwslawgroup.com

William L Greene
william.greene@leonard.com

William V Reiss
wreiss@labaton.com

Winston V Beard
winstonbeard@me.com