GIRARDI | KEESE
MICHAEL M. KOWSARI (admitted *pro hac vice*)
1126 Wilshire Blvd.
Los Angeles, CA 90017
Telephone: (213) 977-0211
Facsimile: (213) 481-1554

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 4:10-md-02186-BLW<br><br>PLAINTIFF BRIGIOTTA'S FARMLAND PRODUCE AND GARDEN CENTER, INC.'S MOTION TO ADD NAMES TO DEFENDANT PLEASANT VALLEY POTATO, INC'S LIST OF CUSTODIANS |

## I. INTRODUCTION

Plaintiffs move the Court to order defendant Pleasant Valley Potato, Inc. ("Pleasant Valley") to add Kim Wahlen to their custodian list pursuant to the Preservation Order entered by this Court on February 2, 2011,[1] and the stipulation agreed to by the parties on April 26, 2011.[2] Mr. Wahlen is a founder and owner of Pleasant Valley and one of the individuals who signed UPGI's supply reduction and price-fixing scheme alleged in the complaint. Mr. Wahlen is thus a key member of the conspiracy Plaintiffs allege.

For more than a month, Plaintiffs have demonstrated to Pleasant Valley Mr. Wahlen's clear relevance to the case. Pleasant Valley has resisted, and continues to resist that Mr. Wahlen be listed as a proper custodian. The parties are at impasse.

## II. BACKGROUND

On April 19, Plaintiffs sent Pleasant Valley an email requesting that Mr. Wahlen be listed as a custodian. The email stated in part: "the First Amended Complaint notes that Pleasant Valley was a founding member of UPGI. (First Am. Compl. ¶170). Accordingly, relevant documents would include Pleasant Valley's contacts with and participation in trade organizations such as UPGI. To that end, absent as a listed custodian or denominated on Pleasant Valley's organizational chart is Kim Wahlen, who the First Amended Complaint notes was one of the participants at the meeting establishing UPGI. (First Am. Compl. ¶170). We believe that Kim Wahlen should also be listed as a custodian."

On May 4, 2011, Pleasant Valley responded that "Mr. Kim Wahlen is not a named defendant in the litigation and is not someone who can properly be identified as a custodian of the company's records…"

---

[1] See Dkt. 148 at III.A.1 ("If the Parties are unable to resolve their disputes after good faith negotiations, then any party seeking to add names to the list of Custodians must promptly file a motion with the Court to seek its ruling with respect to the scope of this Order.")

[2] See Dkt. 174.

-2-

On May 9, 2011, Plaintiffs again demonstrated why they believed Mr. Wahlen is a relevant custodian of documents, stating: "We understand that Pleasant Valley alleges that it was not a founding member of UPGI, but for purposes of the custodian list the standard is on whether the listed individuals will possess all the potentially relevant documents. Mr. Kim Wahlen is listed in our amended complaint as being in attendance at these UPGI meetings and as being a founding member of the group. Pleasant Valley has given no indication, other than the conclusory statement that he does not keep records for the company, why Mr. Kim Wahlen cannot be 'someone who can properly be identified as a custodian of the company's records.' To that end, we request a representation that the individuals that are in fact designated as custodians for Pleasant Valley are in possession of Mr. Kim Wahlen's personal data, documents, or information kept on his computer, smartphone, or other electronic equipment."

Plaintiffs received no response and followed up asking for a response on May 16, 2011 and May 18, 2011. On May 19, 2011, Pleasant Valley responded and refused to agree to list Kim Wahlen as a custodian and refused to confirm that it would not be destroying any of his custodial documents.

On May 20, 2011, plaintiffs reiterated their request, attaching an article showing that Mr. Wahlen was an original owner of Pleasant Valley and was heavily involved over time in Pleasant Valley's business. Pleasant Valley again responded that it would not list Mr. Wahlen as a custodian.

Finally, Pleasant Valley admits in its Motion to Dismiss that Mr. Wahlen is a shareholder of Pleasant Valley,[3] admits that Mr. Wahlen was an incorporator of UPGI,[4] and it does not deny that Mr. Wahlen attended the UPGI meeting where the supply reduction and price-fixing scheme was signed.[5]

---

[3] *See* Dkt. 73-1 at 5.

[4] *See* Dkt. 73-1 at 6.

### III. ARGUMENT

On February 2, 2011 the Court entered a preservation order that states "each Party shall provide to all other Parties a list of individual and departmental custodians that are most likely to possess the Party's relevant Records ("Custodians"), including, for the period from January 1, 2004 through the present, a brief description of each identified individual's title and responsibilities and a brief description of each identified department."[6]

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable.[7]

Pleasant Valley's contention that Mr. Wahlen—the founder and current shareholder of its company, a founder of UPGI, and a signatory to the alleged price-fixing and capacity reduction scheme—could not have "relevant Records" under the preservation order is preposterous.[8]  If, as Pleasant Valley alleges, he does not have any relevant documents, then there is no harm and no burden associated with listing him on their custodian list.

The Court should order he be listed as a custodian.

Dated: May 20, 2011

Respectfully submitted,

/s/ Michael M. Kowsari
Michael M. Kowsari
Girardi Keese
1126 Wilshire Boulevard
Los Angeles, CA 90017

---

[5] See Dkt. 73-1 at 4-5.

[6] Dkt. 148 at III.A.1.

[7] FED. R. EVID. 401.

[8] In a May 20, 2011 email sent at 4:35 PM, Pleasant Valley stated that "Mr. Wahlen does not have custody or control over Pleasant Valley's documents." This statement is completely backwards. Pleasant Valley is obligated to preserve documents which it has custody and control over for purposes of Fed. R. Civ. P. 34. If it possesses documents that are in Mr. Wahlen's files, it should have to preserve them and not be allowed to destroy these potentially relevant records.