Winston V. Beard, ISB No. 1138
Michael D. Gaffney, ISB No. 3558
John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, ID  83404-7495
Telephone: (208) 523-5171
Fax: (208) 529-9732
Email:  winston@beardstclair.com
            gaffney@beardstclair.com
            javondet@beardstclair.com

Attorneys for Defendant, Pleasant Valley Potato, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re: Fresh and Process Potatoes Antitrust Litigation<br><br>*This document applies to:*<br>*All Actions* | Case No.: MDL No. 4:10-md-02186-BLW<br><br>REPLY MEMORANDUM IN SUPPORT OF DEFENDANT PLEASANT VALLEY POTATO, INC.'S MOTION TO DISMISS (Fed. R. Civ. P. 12(b)(6)) |

The defendant, Pleasant Valley Potato, Inc., (Pleasant Valley), through counsel of record, Beard St. Clair Gaffney PA, respectfully submits this Reply Memorandum in Support of its Motion to Dismiss the First Amended Complaints of both the direct and indirect purchaser plaintiffs (collectively plaintiffs) pursuant to Federal Rule of Civil Procedure 12(b)(6).

The indirect purchase plaintiffs only joined in the briefing submitted by the direct purchaser plaintiffs and did not submit a separate response to Pleasant Valley's motion.

Therefore, in the event the Court dismisses the direct purchaser plaintiff's action against Pleasant Valley, the indirect purchaser plaintiff action should be dismissed.[1]

## ARGUMENT

The Supreme Court's decision in *Twombly* requires plaintiffs to at least nudge claims "across the line from conceivable to plausible" in order for a plaintiff to have successfully stated an antitrust claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Just because a claim might be conceivable it is not, therefore, inherently plausible. A claim simply asserting an antitrust violation is insufficient absent allegations of specific times, places, and individuals involved in the alleged conspiracies. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) (citing *Twombly*, 550 U.S. at 565 n.10.) Specific times, places, and individuals involved are needed in order to cross the line from conceivable to plausible. Both complaints, however, rely only on conclusory and at best *conceivable* allegations against Pleasant Valley. The plaintiffs' allegations consist only of "theoretical possibilities, which one could postulate without knowing any facts whatever." *See Hinds County v. Wachovia Bank N.A.*, 620 F.Supp.2d 499, 513 (S.D.N.Y. 2009). The complaints never say anything of substance about Pleasant Valley. They are not even detailed enough for Pleasant Valley to respond in any meaningful fashion. The allegations are couched in generic, broad terms and do not afford Pleasant Valley a true opportunity to respond. The allegations are unsupported by any averments establishing the plausibility of Pleasant Valley's supposed participation in any conspiracy. For example, the complaints say, rather prosaically, that Pleasant Valley grows potatoes. (DPP ¶ 110.) But, there are no allegations about how many acres of

---

[1] For convenience, references to specific paragraphs in the complaints will be to the direct purchaser plaintiffs' complaint by denoting them with the citation prefix DPP ¶.

potatoes Pleasant Valley plants, the varieties of potatoes, or hundredweight of potatoes sold by Pleasant Valley. The complaints contain those types of allegations about other defendants. (DPP ¶¶ 34, 35, 116.) Evidentiary facts about Pleasant Valley simply do not exist in the complaints and the Court should dismiss the complaints as to Pleasant Valley.

The direct purchaser plaintiffs allege that Kim Wahlen, a Pleasant Valley shareholder, attended the initial United Potato Growers of Idaho (UPGI) meeting and that he signed on to the "price-fixing scheme orchestrated by the cooperatives." (DPP ¶ 170; DPP Mem. at 24 n.23.) Missing from the plaintiff's recitation of these "facts" is any allegation that Wahlen acted on Pleasant Valley's behalf at the time of the November 2004 meeting. The plaintiffs are required to allege facts establishing an agency relationship. The Northern District of Illinois succinctly held that pleading "the existence of an agency relationship requires more than a general statement that such a relationship exists." *See Sefton v. Toyota Motor Sales U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 37036 (N.D. Ill. April 14, 2010) (citing *Azimi v. Ford Motor Co.*, 977 F.Supp. 847, 851 (N.D. Ill. 1996); *Rand Bond of N. America, Inc. v. Saul Stone & Co.*, 726 F.Supp. 684, 687 (N.D. Ill. 1989). Here, the complaints never actually allege an agency relationship between Wahlen and Pleasant Valley on November 2, 2004. The complaint just lists Wahlen and adds "of Defendant Pleasant Valley Potato." (DPP ¶ 170.) Those words, however, are conclusory and insufficient to establish an agency relationship.

Moreover, the UPGI Articles of Incorporation contain no indication that Wahlen was acting on Pleasant Valley's behalf.[2] Indeed, Wahlen is only listed as an individual UPGI incorporator. The UPGI Articles of Incorporation contain no reference to Pleasant

---

[2] As noted in Pleasant Valley's initial briefing, the Articles of Incorporation are available for free online at the Idaho Secretary of State's website.

Reply Memorandum in Support of Defendant Pleasant Valley Potato, Inc.'s Motion to Dismiss   Page **3**

Valley. The UPGI Articles of Incorporation also do not contain a corporate signature line for Wahlen's signature. There is simply not enough information in the complaints or in publicly available information to conclude that Wahlen acted on Pleasant Valley's behalf when he signed the UPGI Articles of Incorporation. Thus, when read in the proper light the contents of paragraph 170 fail to connect any action by Wahlen to Pleasant Valley.

The complaints' allegations never adequately tie Pleasant Valley to the alleged scheme. The complaints never state *when* Pleasant Valley "signed on" or *how* it "participated in the supply-restriction and price-fixing scheme." As noted, *supra*, the complaints never identify who acted as Pleasant Valley's agent when Pleasant Valley allegedly signed on to the conspiracy other than the oblique reference to Wahlen being "of Defendant Pleasant Valley Potato." (*Id*.) The fact that the complaints never explain the how, when, or by whom of the allegations against Pleasant Valley establishes the conclusory and insufficient nature of the allegations. *See Kendall*, 518 F.3d at 1047.

By way of contrast, for example, the allegations against Albert Wada highlight the threadbare nature of the allegations against Pleasant Valley. On page 23 of the plaintiffs' response briefing, the plaintiffs illustrate the "allegations specific to the Grower Defendants." (DPP. Mem. at 22-23.) The first two bullet points identify specific allegations against Wada Farms. The bullet points identify an agency relationship tying Albert Wada back to the Wada Farms entity. No similar allegations against Pleasant Valley exist with the exception of the reference to Wahlen, which has been distinguished, *supra*. As deficient as the allegations against Wada may be, they are substantially more detailed than allegations about Pleasant Valley: the complaints actually *say something* about Wada whereas they say nothing substantive about Pleasant Valley.

Pleasant Valley is plainly lumped together in generic allegations related to the other "grower" defendants. These generalized allegations are not sufficient to establish individual liability on the part of individual defendants. *See Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 233 (9th Cir. 1974) (stating that antitrust liability cannot be accomplished by generalized means).

The allegations against Pleasant Valley are simply legal conclusions masquerading as factual statements. The plaintiffs argue that the complaints contain "ample details" of (a) a collusive agreement, i.e., the cooperatives and (b) each defendant's participation therein. (DPP Mem. at 22.) The problem with the plaintiffs' arguments is that there is a paucity of substantive facts alleged in the complaints about Pleasant Valley's supposed involvement in the scheme. The plaintiffs' allegations are couched in empty terms like "conspired" or "participated" or "explicitly sign[ed] on" without tying this conduct to anything. (DPP ¶¶ 109-11, 170, 246, 269.) These kinds of allegations could be made against any farmer without any knowledge of the facts whatsoever. *Hinds County*, 620 F.Supp.2d at 513.[3] Simply using these talismanic words does not imbue the allegations against Pleasant Valley with any plausibility. *See Hinds County*, 620 F.Supp.2d at 513. The plaintiffs assert bare allegations of a conspiracy without underlying evidentiary facts. As noted in *Kendall*, bare allegations of a conspiracy are "almost impossible to defendant against." *Kendall*, 518 F.3d at 1047.

## **CONCLUSION**

Based on the foregoing, the complaints should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[3] And to a certain extent the allegations against many of the "grower defendants" are similar, if not identical.

DATED: June 3, 2011

/s/ Michael D. Gaffney
Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for the Defendant, Pleasant Valley Potato, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2011, a true and correct copy of the foregoing was caused to be filed with CM/ECF with service by electronic mail to the following:

| | | |
|---|---|---|
| Albert P. Barker<br>abp@idahowaters.com | Daniel M. Cohen<br>danielc@cuneolaw.com | Jay S. Cohen<br>jcohen@srkw-law.com |
| Allen Steyer<br>asteyer@steyerlaw.com | David J. Syrios<br>dsyrios@ademilaw.com | Jeffrey Alan LeVee<br>jlevee@jonesday.com |
| Andrew G. Deiss<br>adeiss@joneswaldo.com | Donald Amamgbo<br>Donald@amamgbolaw.com | Jeffrey L. Spector<br>jspector@srkw-law.com |
| Arthur N. Bailey, Jr.<br>abailey@hausfeldllp.com | Donald M. Barnes<br>dbarnes@porterwright.com | John M. Avondet<br>javondet@beardstclair.com |
| Bart M. Davis<br>bmdavis@bmdlaw.net | Douglas A. Millen<br>dmillen@fklmlaw.com | Jon T. King<br>jking@hausfeldllp.com |
| Benjamin Andrew Schwartzman<br>bschwartzman@bwslawgroup.com | Elizabeth McKenna<br>emckenna@milberg.com | Joseph Michael Barton<br>jbarton@glancylaw.com |
| Billie J. Siddoway<br>bsiddoway@joneswaldo.com | Eric P. Enson<br>epenson@jonesday.com | Julio Joaquin Ramos<br>ramosfortrustee@yahoo.com |
| Bonny E. Sweeney<br>bonnys@rgrdlaw.com | Eugene A. Spector<br>espector@srkw-law.com | Kimberly A. Kralowec<br>kkralowec@kraloweclaw.com |
| Brad P. Miller<br>bmiller@hawleytroxell.com | Gregort L. Crockett<br>gregcrockett@hopkinsroden.ocm | Lionel Z. Glancy<br>lglancy@glancylaw.com |
| Bruce S. Bistline<br>bbistline@gordonlawoffices.com | Hollis Salzman<br>hsalzman@labaton.com | Loren Block<br>lblock@milberg.com |
| Carmen A. Medici<br>cmedici@rgrdlaw.com | James A. Wilson<br>jawilson@vorys.com | Mark A Griffin<br>mgriffin@kellerrohrback.com |
| Chad V. Bonanni<br>chad@essex.bpflegal.com | James Pizzirusso<br>jpizzirusso@hausfeldllp.com | Matthew McBurney<br>mmcburney@crowell.com |
| Christopher E. Ondeck<br>condeck@crowell.com | James S. Lowrie<br>jlowrie@jonewaldo.com | Michael M. Goldberg<br>mmgoldberg@glancylaw.com |

| | | |
|---|---|---|
| Daniel G. Swanson<br>dswanson@gibsondunn.com | Jay L. Himes<br>jhimes@labaton.com | Michael Hausfeld<br>mhausfeld@hausfeldllp.com |
| Michael D. Gaffney<br>gaffney@beardstclair.com | Richard C. Boardman<br>rboardman@perkinscoie.com | Steven B. Andersen<br>sandersen@hollandhart.com |
| Michael Kowsari<br>mkowsari@girardikeese.com | Robert Rosenfeld<br>rrosenfeld@orrick.com | Susan G. Kupfer<br>skupfer@glancylaw.com |
| Michael P. Lehmann<br>mlahmann@hausfeldllp.com | Ronald J. Aranoff<br>aranoff@bernlieb.com | Wade L. Woodard<br>wwoodard@bwslawgroup.com |
| Mindee J. Reuben<br>reuben@wka-law.com | Salvatore A. Romano<br>sromano@porterwright.com | William Greene<br>William.greene@leonard.com |
| Monte N. Stewart<br>stewart@belnaplaw.com | Samuel G. Liversidge<br>sliversidge@gibsondunn.com | William V. Reiss<br>wreiss@labaton.com |
| Neil D. McFeeley<br>nmcfeeley@eberle.com | Sharron Williams Gelobter<br>sgelobter@yurumeinlaw.com | |
| Paul Novak<br>pnovak@milberg.com | Stephen Bomse<br>sbomse@orrick.com | |
| Peter Safirstein<br>psafirstein@milberg.com | Stephen R. Thomas<br>srt@moffatt.com | |
| Philip Howard Gordon<br>pgordon@gordonlawoffices.com | Steven A. Asher<br>asher@wka-law.com | |
| Reginald Von Terrell<br>Reggie2@aol.com | Steven A. Kanner<br>skanner@fklmlaw.com | |

In addition, a true and correct copy of the foregoing was caused to be sent by electronic mail to the following attorneys not registered to receive electronic notice via CM/ECF:

Phillip A. Proger
paproger@jonesday.com


/s/ Michael D. Gaffney _____
Michael D. Gaffney
Of Beard St. Clair Gaffney PA
Attorneys for Defendant, Pleasant Valley Potato, Inc.