UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW<br>MDL No. 2186 |
|---|---|
| THIS DOCUMENT RELATES TO:<br>Kansas Tag-Along Action Only<br>*Associated Wholesale Grocers, Inc. v. United Potato Growers of Am., Inc., et. al.* | **ORDER REGARDING MOTION TO COMPEL** |

    Idahoan Foods, the Offutt Defendants, the Anderson-Banducci Defendants and the Orrick Defendants filed a motion to compel directed toward Associated Wholesale Grocers (AWG) on the grounds that AWG failed to prepare its Rule 30(b)(6) witnesses on relevant topics of discovery outlined in Defendants' Rule 30(b)(6) Deposition Notice.[1] (MDL Dkt. 671.)

    The Court has reviewed the briefs and the supporting materials, and after careful consideration, issues the following order.

    AWG produced two witnesses, Steve Arnold, AWG's Senior Vice President of Grocery Products, and Gary Myracle, Executive Director of Produce field Procurement, in response to Defendants' Rule 30(b)(6) notice. Defendants take issue with deponent Steve Arnold's answers to subparts of five topics contained within a deposition notice that included 22 topics with 26 subparts. Both witnesses were expected to answer questions spanning a time frame from 2006 to the present.

---

[1] Defendants argued also that AWG refused to provide the full databases from which a particular document was prepared that had not previously been produced during discovery. Because AWG indicated in its response brief that it is producing additional data, this issue appears resolved.

ORDER - 1

Topic 8 requested the types of Fresh Potatoes and Process Potatoes AWG grocers purchased, including the volume and use of the potatoes, during an eight year time span. Mr. Arnold testified about Exhibit 2 to the deposition, which identified vendor purchases from specific suppliers on an annualized basis of product associated with the defendants in the case, broken down also by the volume amount of purchases on an annualized basis. Apart from Exhibit 2, Mr. Arnold had no further information about the "brands of fresh potatoes that AWG purchased in the years 2006 to the present." But Mr. Myracle identified the current suppliers of potatoes to AWG, and the types of potatoes purchased. AWG agreed also to produce data from AWG's Prompt database showing purchases of fresh potatoes from 2008 to 2013 for each Defendant, as well as its Annual Vendor Reports. The Court considers this topic sufficiently answered, provided AWG produces the data from its database. AWG shall have up to and including **August 22, 2014**, within which to produce the data.

Topic 10 requested information regarding negotiations between AWG and any Fresh Potatoes or Process Potatoes supplier regarding price, supply, quality, quantity, delivery terms, payment terms, or any other terms of dealing, from 2006 to the present. Defendants asked how many times AWG engaged in negotiations with Idahoan during that time period. Although Mr. Arnold could not testify about any specific number of times negotiations occurred, the Court has reviewed the deposition testimony provided and finds that, between Mr. Arnold and Mr. Myracle, the question on this topic was answered.

Mr. Arnold explained that AWG received a price sheet associated with delivery cost for each product. In other words, it appears there were no "negotiations" of the sort Defendants contemplated. To the extent Defendants wanted to know how many times negotiations may have occurred between or among representatives of AWG and Idahoan, the Court considers it

ORDER - 2

unrealistic to expect a Rule 30(b)(6) deponent to be intimately familiar with the details of negotiations spanning eight years. *U.S. ex. Rel Fago v. M&T Mort. Corp.*, 235 F.R.D. 11, 25 (D.C. Cir. 2006).

Topic 11 requested information from 2004 to the present regarding AWG's awareness of Fresh Potatoes and Process Potatoes suppliers that were not members of the United Entities (United I or UPGA). Mr. Arnold did not know the answer to the question, testifying that he was unaware of United's "existence, conduct, or activities;" he explained that, prior to the filing of this lawsuit, he was unaware of anyone at AWG who had knowledge of the existence of UPG of Idaho or UPGA. The Court considers this topic sufficiently answered. If AWG did not have prior knowledge of the existence of the United entities, it would not have been aware of whether its purchases were from suppliers that were not members of the United entities.

Topic 15 requested information about factors that affected supply of or demand for Fresh Potatoes or Process Potatoes, such as disease, drought, or dietary trends. Mr. Arnold testified that he either did not know personally, or that AWG did not maintain or analyze information of this nature. (Arnold Depo. p. 128-130). The Court considers the questions on this topic sufficiently answered. The Court cannot compel AWG to provide information it does not have.

Topic 16 requested information about the prices AWG charges its customers, specifically how AWG determines price and the factors it considers when determining whether to offer customer discounts or other promotions. The Court reviewed the citations AWG provided to Mr. Arnold's deposition testimony, wherein he discussed the prices AWG charges, how prices are determined, the variations in pricing, discounting, promotions, and the relationship between the price of potatoes and the price of other products. Mr. Arnold explained that AWG attempts to maintain a 10% markup on the products it sells, and explained the process AWG utilizes for

ORDER - 3

maintaining that margin. Mr. Arnold explained also its promotion program. The Court considers the questions on this topic sufficiently answered.

Finally, Defendants object to Mr. Arnold's answer regarding document preservation. Mr. Arnold was asked how many individuals received instructions from AWG to preserve documents, and to provide their names. Mr. Arnold did so, with the exception of being unable to verify whether two individuals---Mr. Willie Byrd and Mr. John Glaser---had been instructed to preserve documents. Otherwise, Mr. Arnold identified fourteen individuals who had received litigation holds. Although AWG has agreed to determine whether record holds were sent to these two additional individuals, Defendants want to depose them but did not seek to depose the other individuals whom Mr. Arnold did identify. The Court finds AWG's proposal to inform Defendants whether Mr. Byrd and Mr. Glaser received litigation holds is sufficient, and will answer the questions posed regarding document preservation during the Rule 30(b)(6) deposition. AWG shall have up to and including **August 22, 2014**, to provide this information to Defendants.

The Motion to Compel (MDL Dkt. No. 671) is therefore **DENIED.**

**IT IS SO ORDERED**.

Dated: **August 06, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

ORDER - 4