UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION** | Case No. 4:10-MD-2186-BLW<br><br>**ORDER** |
| **THIS DOCUMENT RELATES TO:**<br><br>Kansas Tag-Along Action Only<br><br>*Associated Wholesale Grocers, Inc. v. United Potato Growers of America, et. al.* | |

IT IS ORDERED:

1. Plaintiff Associated Wholesale Grocers, Inc.'s Motion for Suggestion of Remand (Dkt. 808) is **DENIED** as explained on the record at the May 11, 2015 status conference.

2. Plaintiff AWG's Motion for Summary Judgment on Defendant Potandon's Counterclaim (Dkt. 694) is **DENIED Without Prejudice**.

3. Potandon's Motion for a Scheduling Order Regarding Its Counterclaim (Dkt. 700) is **GRANTED in part** and **DENIED in part** in accordance with the Court's earlier order staying the motion for summary judgment, its ruling here denying deny the motion for summary judgment without prejudice, and the process outlined below on how the Court will proceed.

4. The Court will determine the issue of whether the rule of reason or per se standard applies to Potandon's counterclaim without further delay. This is a purely legal issue, which will be unaffected by further discovery or expert testimony. Moreover, an early resolution of that issue will substantially affect (1) the adequacy of the allegations contained in Potandon's counterclaim, (2) the scope and nature of the expert testimony which the parties may wish to secure and present in these proceedings, and (3) the parties' approach to dispositive motions. Given, the charge of Rule 1, that the Rules of Civil Procedure be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding," I have concluded that a preliminary ruling on this pivotal issue is appropriate and necessary at this time. FED. R. CIV. P. 1. At my suggestion, the parties have fully briefed the issue, and no further briefing will be permitted. However, I will hear oral argument on the issue. The Court will issue a separate notice of hearing to schedule oral argument. Oral argument will be limited to 30 minutes per side, but will be conducted in person.

5. By way of a roadmap, I note that if the Court determines that the rule of reason standard applies to the counterclaim, Potandon will be given approximately 21 days from the date of the that ruling to file an amended counterclaim alleging sufficient facts to support such a claim. However, regardless of the Court's ruling, counsel should proceed to develop a

ORDER - 2

scheduling order, which will bring the pretrial phase of this case to a close as quickly as possible.  Given, my decision to immediately resolve the issue of which evidentiary standard applies to Potandon's counterclaim, I see no reason for expediting the dispositive motion deadline applicable to the counterclaim.

DATED: May 13, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court

**ORDER - 3**