# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION _____ THIS DOCUMENT RELATES TO: *Direct Purchaser Action* _____ | ) ) ) ) ) ) ) ) ) | Civil Case No. 4:10-md-02186 BLW |

**[PROPOSED] ORDER (1) GRANTING PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND ALL DEFENDANTS
(2) CERTIFYING THE SETTLEMENT CLASSES & APPOINTING SETTLEMENT CLASS COUNSEL AND EXECUTIVE COMMITTEE;
AND
(3) APPROVING THE NOTICE PLAN AND FORM OF NOTICE AND DIRECTING NOTICE TO THE CLASSES**

Based on the Court's review of the proposed Settlement Agreement Between Direct Purchaser Plaintiffs ("DPPs") and Defendants and DPP' Motion for Preliminary Approval of the Settlement Agreement and supporting papers, the Court finds as follows:

**Preliminary Approval of Settlement Agreement**

1. The motion of Direct Purchaser Plaintiffs for preliminary approval of the proposed settlement with all Defendants, which Defendants do not oppose, is hereby GRANTED.

2. The Court finds that the proposed settlement, as set forth in the Settlement Agreement, subject to final determination following implementation of the plan for notice described below and a fairness hearing, falls within the range of possible approval and is sufficiently fair, reasonable and adequate to the Settlement Classes certified, as provided below, for settlement purposes only.

3. If they have not done so by the date of this Order, Defendants shall immediately serve upon the appropriate federal and state officials notice of the proposed Settlement Agreement and all other required papers and information in accordance with 28 U.S.C. § 1715. Defendants shall file with the Court Notice of Compliance with 28 U.S.C. § 1715 when all appropriate notices have been served.

**Certification of the Settlement Classes:**

4. The Court certifies for settlement purposes only the following Settlement Classes:

   a. <u>Direct Purchaser Plaintiff Monetary Relief Class:</u>

   All persons and entities who, between June 18, 2006 and the date on which the Court enters an order preliminarily approving the Settlement and certifying the Class for settlement purposes, directly purchased Fresh Potatoes grown in the United States, other than Specialty Potatoes, from:

   (1) any Defendant or any parent, subsidiary or affiliate thereof; (2) any member of the cooperative members of United Potato Growers of America, or any parent, subsidiary or affiliate thereof and any member of the United Potato Growers of Idaho, Inc., or any parent, subsidiary, or affiliate thereof; and (3) any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., or by any member of the cooperative members of United Potato Growers of America.

   b. <u>Direct Purchaser Plaintiff Injunctive Relief Class</u>

   All persons and entities who, between June 18, 2006 and the date on which the Court enters an order preliminarily approving the Settlement and certifying the Class for settlement purposes, directly purchased Fresh Potatoes grown in the United States, other than Specialty Potatoes, from:

   (1) any Defendant or any parent, subsidiary or affiliate thereof; (2) any member of the cooperative members of United Potato Growers of America, or any parent, subsidiary or affiliate thereof; and any member of the United Potato Growers of Idaho, Inc., or any parent, subsidiary, or affiliate thereof; and (3) any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., or by any member of the cooperative members of United Potato Growers of America, Inc.

    c. Excluded from these Classes are Defendants and their Co-Conspirators, including, but not limited to, any member of United Potato Growers of Idaho, Inc. and United II, the members of the United Potato Growers of America, Inc., and any member of the cooperative members of United Potato Growers of America, Inc., and their respective subsidiaries, affiliates and members; any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., any member of United II Potato Growers of Idaho, Inc., and by any member of the cooperative members of United Potato Growers of America, Inc., and their respective parents, subsidiaries, affiliates and members; and any governmental entities.

5. For purposes of settlement and on the basis of the entire record before the Court, the Court finds that the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Classes; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Settlement Classes; and (4) the representative parties will fairly and adequately protect the interests of the class. Additionally, for purposes of settlement, the Court finds that Federal Rule of Civil Procedure 23(b)(3) is also met and that there are questions of law or fact common to class members which predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

6. The Court appoints the law firm Hausfeld LLP as Settlement Class Counsel, and appoints the following law firms as the Settlement Executive Committee:

    a. Bernstein Liebhard LLP, 10 East 40th Street | New York, NY 10016;

    b. Freed Kanner London & Millen, 2201 Waukegan Road, Suite 130, Bannockburn, IL 60015;

    c. The Kralowec Law Group, 188 The Embarcadero, Suite 800, San Francisco, CA 94105;

      d.      Labaton Sucharow LLP, 140 Broadway, New York, NY 10005;

      e.      Pearson Simon Warshaw Penny, LLP, 15165 Ventura Boulevard, Suite 400, Sherman Oaks, CA 91403;

      f.      Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101;

      g.      Spector Roseman Kodroff & Willis, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103;

      h.      Steyer Lowenthal Boodrookas Alvarez & Smith LLP, One California Street, Third Floor, San Francisco, CA 94111; and

      i.      Weinstein Kitchenoff & Asher LLC, 1845 Walnut Street, Suite 1100, Philadelphia, PA 19103.

7. The Court appoints Kurtzman Carson Consultants ("KCC") as the Settlement Claims Administrator and is approved to implement the Notice Plan and to administer claims under the Settlement Agreement.

8. The Court appoints Brigiotta's Farmland Produce and Garden Center, Inc. and J.R. Mazzola, Inc. as Representatives of the Settlement Classes.

**Notice Plan and Form of Notice**:

8. The proposed plan for and manner of dissemination of Notice and the forms of Notice of the Settlement Agreement between Direct Purchaser Plaintiffs and Defendants, supported by the work of a notice expert, are hereby APPROVED:

      a.      The Notice Plan proposed by Direct Purchaser Plaintiffs and described herein, which includes Direct Mail Notice, Publication Notice, internet promotional activities, a website, and a toll-free hotline, is "the best notice that is practicable under the

circumstances" and is "reasonable" as required by Fed. R. Civ. P. 23(c)(2)(B) and (e)(2), and is consistent with constitutional due process

b.     The Notices are clear and concise and employ "plain, easily understood language," and include all necessary information as required by Fed. R. Civ. P. 23(c)(2)(B).

9.  On or about July 2, 2015, KCC shall send notice and a Claim Form by U.S. First Class mail, postage prepaid to all individuals and entities who are not excluded from the Settlement and whose names and addresses were produced by Defendants to KCC ("Direct Mail Notice") The Direct Mail Notice and Claim Form shall be in substantially the same format and with substantially the same content as that attached as Exhibits 2 and 3 to the Declaration of Daniel Rosenthal (ECF No. ___).

10.  On or about July 2, 2015, KCC shall send a postcard providing summary notice by U.S. First Class mail, postage prepaid to all individuals and entities whose names and addresses were obtained by KCC from purchased mailing lists of potential Settlement Class members as identified in the Rosenthal Declaration ("Postcard Summary Notice").  The Postcard Summary Notices shall be in substantially the same format and with substantially the same content as that attached as Exhibit 4 to Rosenthal Declaration.

11.  On or about July 2, 2015, KCC shall issue an informational press release to be distributed to media outlets identified in Paragraph 18 of the Rosenthal Declaration, which shall be in substantially the same format and with substantially the same content as that attached as Exhibit 7 to Rosenthal Declaration.

12.  On or about July 2, 2015, KCC shall launch a web site providing information about this litigation and the Proposed Settlement Agreement, including the Notices and the Settlement Agreement itself along with other appropriate court documents relating to the Proposed

Settlement, and shall staff a toll-free hotline to respond to inquiries from potential Settlement Class members.

13. During the period from July 2, 2015 and August 20, 2015, the specific date of publication to be determined by KCC as publication schedules permit, KCC shall publish notice (Publication Notice) in substantially the same format as attached to Exhibit 5 of the Rosenthal Declaration, on one occasion in: *The Food Service Director*; *The Packer*; *The Produce News*; and *Supermarket News*.

14. During the period from July 2, 2015 and August 20, 2015 KCC shall cause to be placed on the web sites of *The Packer* (www.thepacker.com) and *The Produce News* (www.producenews.com) Banner Notices for a period of approximately one month, and shall cause such Banner Notices to be placed on one occasion in the e-newsletters for *The Packer* and *The Produce News*. The Banner Notices shall be in substantially the same format and with substantially the same content as that attached as Exhibit 6 to Rosenthal Declaration. During the period from July 2, 2015 and August 20, 2015, KCC shall purchase selected keywords relating to this litigation and the Proposed Settlement, as set forth in the Rosenthal Declaration, from Google, for a period of approximately a month.

15. KCC shall insert the date for the Fairness Hearing set forth in this Order into the Notices identified above prior to issuance.

16. On or before August 20, 2015, Plaintiffs shall file an affidavit prepared by KCC that details the process engaged in by KCC to effect the Notice Plan, and confirms that the requirements regarding Direct Mail Notice, Summary Postcard Notice, Publication Notice, Banner Notice, the website, and the toll-free hotline have been carried out in accordance with this Order.

17. KCC shall cause to be posted on www.potatoesantitrustsettlement.com Plaintiffs' Motion for Attorneys' Fees and Costs and Incentive Awards upon filing by Plaintiffs.

**Significant Dates**

In accordance with this Court's Order dated May 21, 2015 (ECF No. 821) the following deadlines apply:

18. **Requests for Exclusion from the Proposed Settlement**: Requests for exclusion from the Proposed Settlement must be sent to KCC via first-class mail postmarked or hand delivered on or before October 16, 2015.

19. **Objections to the Proposed Settlement**: Objections to the Proposed Settlement must be sent to the Court, Class Counsel, and Counsel for Defendants, as provided in the Notices, via first-class mail postmarked on or before October 16, 2015.

20. **Submission of Completed Claim Forms**: Claim Forms in the Proposed Settlement must be first-class mail postmarked, hand delivered, or submitted online at www.potatoesantitrustsettlement on or before October 16, 2015.

21. **Plaintiffs' Motion for Attorneys' Fees and Costs and Incentive Awards**: Plaintiffs shall file their motion for Attorneys' Fees and Costs and for Incentive Awards for Named Plaintiffs on or before August 28, 2015.

22. **Plaintiffs' Motion for Final Approval**:  Plaintiffs shall file their motion for Final Approval of the Settlement Agreement on or before November 27, 2015.

23. **Fairness Hearing**:  The Court will hold a hearing regarding the fairness and adequacy of the Proposed Settlement Agreement scheduled for _____ __, ____ at __:__ _.m., United States District Court, District of Idaho, Eastern Division [address and courtroom]. The date, time, and location of this hearing are subject to change, and Settlement Class members are advised to check www.potatoesantitrustsettlement.com for any updates.

IT IS SO ORDERED.

                                        BY THE COURT:

                                        _____
                                        LYNN B. WINMILL
                                        United States Chief District Judge