# Exhibit 3

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| In Re: | Lead Case No. 2:12-cv-4 |
|---|---|
| SKELAXIN (METAXALONE) ANTITRUST LITIGATION | MDL No. 2343 |
| | Judge Curtis L. Collier |
| THIS DOCUMENT RELATES TO: All Indirect Purchaser for Resale Actions | |

**ORDER GRANTING INDIRECT PURCHASER FOR RESALE PLAINTIFFS' UNOPPOSED MOTION FOR CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT, APPOINTMENT OF CLASS COUNSEL, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS, AND SETTING THE FINAL SETTLEMENT SCHEDULE AND DATE FOR A FAIRNESS HEARING**

Upon review and consideration of the Settlement Agreement, dated April 24, 2014, and Indirect Purchaser for Resale Plaintiffs' Unopposed Motion for Class Certification for Purposes of Settlement, Appointment of Class Counsel, Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Setting the Final Settlement Schedule and Date for a Fairness Hearing, their Memorandum of Law in Support thereof, and exhibits thereto (collectively, the "Settlement Documents"), IT IS HEREBY ORDERED as follows:

**JURISDICTION**

1.      This Court has subject matter jurisdiction over this case and has jurisdiction over this action and each of the representative class plaintiffs Johnson's Village Pharmacy, Inc. ("Johnson's"); Russell's Mr. Discount Drugs, Inc. ("Russell's"); Bidwell Pharmacy & Medical Supply, Inc. ("Bidwell"); and Knight Pharmacy ("Knight") (collectively, "Indirect Purchaser for Resale Plaintiffs") and Defendant Mutual Pharmaceutical Company, Inc. ("Mutual").

## CERTIFICATION OF THE PROPOSED
## INDIRECT PURCHASER FOR RESALE CLASS

2. The Court makes the following determinations as required by Rule 23 solely in connection with the proposed settlement:

a. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Class, which shall hereinafter be denominated the "Indirect Purchaser for Resale Settlement Class," is defined as follows: All persons or entities in the United States and its territories that operate a business outside Tennessee and indirectly purchased Skelaxin for resale at any time during the period November 4, 2005 through and until the date on which the Court certifies the Indirect Purchaser for Resale Settlement Class (the "Class Period"). Excluded from the Class are Defendant and its officers, directors, management, employees, subsidiaries, and affiliates, and all federal governmental entities.

b. The Indirect Purchaser for Resale Settlement Class has tens of thousands of members geographically dispersed throughout the United States. Pursuant to Rule 23(a)(1), the Court determines that the Indirect Purchaser for Resale Settlement Class is so numerous that joinder of all members is impracticable.

c. Pursuant to Fed. R. Civ. P. 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions solely for purposes of settlement:

　　i. Whether the conduct challenged by the Indirect Purchaser for Resale Settlement Class as anticompetitive in the Indirect Purchaser for Resale Plaintiffs' Consolidated Second Amended Class Action Complaint and Jury Demand, ECF No. 204 (filed May 22, 2012) (the "IPP Complaint")

      constituted a violation of the Tennessee Trade Practices Act, Tenn. Code §§ 47-25-106, *et seq.*, or other state antitrust or consumer protection law, or constituted unjust enrichment; and

   ii. The amount of overcharge damages, if any, owed to the Indirect Purchaser for Resale Settlement Class in the aggregate.

d. The Court determines that the foregoing class-wide issues relating to claims and/or defenses are questions of law or fact common to the Class that satisfy Rule 23(a)(2) solely for purposes of settlement.

e. The Indirect Purchaser for Resale Class Plaintiffs – Johnson's, Russell's; Bidwell; and Knight– are hereby appointed as representatives of the Class, for the following reasons:

   i. The Indirect Purchaser for Resale Class Plaintiffs allege on behalf of the Indirect Purchaser for Resale Settlement Class the same manner of injury from the same course of conduct that they complain of themselves, and the Indirect Purchaser for Resale Class Plaintiffs assert on their own behalf the same legal theory that they assert for the Indirect Purchaser for Resale Settlement Class. The Court therefore determines that the Indirect Purchaser for Resale Class Plaintiffs' claims are typical of the claims of the proposed Indirect Purchaser for Resale Settlement Class within the meaning of Rule 23(a)(3); and

   ii. Pursuant to Rule 23(a)(4), the Court determines, in connection with and solely for purposes of settlement, that the Indirect Purchaser for Resale Class Plaintiffs will fairly and adequately protect the interests of the

    Indirect Purchaser for Resale Settlement Class. The Indirect Purchaser for Resale Class Plaintiffs' interests in connection with settlement do not conflict with the interests of absent members of the Indirect Purchaser for Resale Settlement Class. All of the Indirect Purchaser for Resale Settlement Class members share a common interest in proving Defendant's alleged anti-competitive conduct, and all Indirect Purchaser for Resale Settlement Class members share a common interest in recovering the overcharge damages sought in the IPP Complaint. Counsel for the Indirect Purchaser for Resale Class Plaintiffs are well-qualified to represent the Indirect Purchaser for Resale Settlement Class in this case, given their experience in prior cases and the vigor with which they have prosecuted this action thus far.

f.  Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members and, in light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Indirect Purchaser for Resale Settlement Class as a whole, predominate over those issues that are subject only to individualized proof. *See Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*, 133 S. Ct. 1184, 1196 (2013); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 535 (6th Cir. 2008); *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 910 (6th Cir. 2003).

g.  Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Indirect Purchaser for Resale Settlement Class in a single action. The Court also believes that there are few manageability problems presented by a case such as this, particularly in light of the Settlement preliminarily approved in this Order.

h.  Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court, having considered the factors provided in Rule 23(g)(1)(A), hereby appoints the following counsel as Lead Counsel for the Class ("Plaintiffs' Lead Class Counsel"), who are directed to ensure that any remaining work in this litigation that is performed by any counsel listed on the IPP Complaint ("Class Counsel") is performed efficiently and without duplication of effort:

Gordon Ball
LAW OFFICES OF GORDON BALL
7001 Old Kent Drive
Knoxville, TN 37919
Tel: (865) 525-7028

### APPROVAL OF THE PROPOSED SETTLEMENT

3.  The ultimate approval of a class action settlement requires a finding that the settlement is fair, adequate, and reasonable. *See, e.g.*, *In re Skechers Toning Shoe Prods. Liab. Litig.*, MDL 2308, 2012 WL 3312668, at *8 (W.D. Ky. Aug. 13, 2012); *Smith v. Ajax Magnethermic Corp.*, 4:02CV0980, 2007 WL 3355080, at *5 (N.D. Ohio Nov. 7, 2007); *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 352 (N.D. Ohio 2001). "When a

"settlement is the result of extensive negotiations by experienced counsel, the Court should presume it fair." *Inter-Op Hip Prosthesis,* 204 F.R.D. at 351 (citation omitted). As a court in this Circuit recently noted, where "settlement negotiations were conducted at arm's-length by adversarial parties and experienced counsel . . . itself is indicative of fairness, reasonableness, and adequacy." *Dallas v. Alcatel-Lucent USA, Inc.*, 09-14596, 2013 WL 2197624, at *9 (E.D. Mich. May 20, 2013). The proposed Settlement Agreement satisfies this standard.

4. Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlement, which includes a cash payment of $2 million by Defendant into an escrow account for the benefit of the Indirect Purchaser for Resale Settlement Class ("Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation with prejudice and defined releases of claims by Indirect Purchaser for Resale Class Plaintiffs and the Indirect Purchaser for Resale Settlement Class as set forth in the Settlement Agreement, was arrived at by arm's-length negotiations by highly experienced counsel after years of litigation, falls within the range of possibly approvable settlements, and is hereby preliminarily approved, subject to further consideration at the final fairness hearing provided for below.

## APPROVAL OF THE PLAN OF NOTICE TO THE INDIRECT PURCHASER FOR RESALE SETTLEMENT CLASS

5. The proposed form of Notice to Indirect Purchaser for Resale Settlement Class members of the pendency and proposed settlement of this action ("Settlement Notice") and the proposed method of dissemination of the Settlement Notice by mail, publication in *Pharmacy Today* and *America's Pharmacist*, and issuance of a press release over PR Newswire, satisfy the requirements of Rule 23(e) of the Federal Rules of Civil Procedure and due process, are otherwise fair and reasonable, and therefore are approved. No later than 30 days following the entry of this Order, or as soon as practicable thereafter, Plaintiffs' Lead Class Counsel shall:

    a. Cause notice substantially in the form attached hereto as Exhibit A to be disseminated via mail to every pharmacy outside the State of Tennessee appearing on a list of such pharmacies acquired by the Claims Administrator;

    b. Cause notice substantially in the form attached hereto as Exhibit B to be published on time each in *Pharmacy Today* and *America's Pharmacist*;

    c. Maintain a dedicated website, at www.SkelaxinPharmacySettlement.com, containing information about the settlement and a detailed notice in the form attached as Exhibit C. The website will also allow online submission of nominations for organizations to receive part or all of the cy pres distribution.

    d. Issue a press release in the form attached as Exhibit D, over PR Newswire.

6. Potential Indirect Purchaser for Resale Settlement Class members may nominate charitable, not-for-profit, or governmental organizations to receive a portion of the Settlement Fund no later than 30 days from the date notice is mailed. Charitable, not-for-profit, or governmental organizations may submit proposals describing how they would use a portion of the Settlement Fund to benefit potential Indirect Purchaser for Resale Settlement Class members and promote the objectives of the antitrust laws no later than 45 days from the date notice is mailed.

7. Indirect Purchaser for Resale Settlement Class members may request exclusion from the Indirect Purchaser for Resale Settlement Class or object to the settlement no later than 75 days from the date notice is mailed, as set forth in the notice. Plaintiffs' Lead Class Counsel or its designee shall monitor and record any and all opt out requests that are received.

8. The Court appoints Heffler Claims Group as Settlement Administrator to assist in disseminating the Settlement Notice to the Class and, if the Settlement is approved,

administration of the distribution of the Settlement Fund. All expenses incurred by the Settlement Administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund, although Court approval shall not be required for disbursements or distributions of such expenses for amounts (in the aggregate) of less than $45,000.

9. The Court appoints Citibank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable from the Settlement Fund, although Court approval shall not be required for disbursements or distributions of such expenses for amounts (in the aggregate) of less than $5,000.

## FINAL FAIRNESS HEARING

10. A hearing on final approval of the settlement (the "Fairness Hearing") shall be held before this Court on January 12, 2015 at 10:00 am Eastern time, in the courtroom assigned to the Honorable Curtis L. Collier, U.S.D.J., at the United States District Court for the Eastern District of Tennessee, Joel W. Solomon Federal Building, United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness, and adequacy of the settlement and whether the settlement should be finally approved; (b) whether the Court should approve the proposed plan of allocation of the Settlement Fund; (c) whether the Court should approve awards of attorneys' fees and expenses to Class Counsel; and (d) whether entry of a final judgment terminating this litigation should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to Indirect Purchaser for Resale Settlement Class

members by posting conspicuous notice on their websites and www.SkelaxinPharmacySettlement.com.

   11. All briefs and materials in support of final approval of the settlement and entry of the final judgment proposed by the parties to the Settlement Agreement, approval of the plan of allocation, and the fee and expense petition by Class Counsel shall be filed with the Court no later than 60 from the date notice is mailed and posted on the internet at www.SkelaxinPharmacySettlement.com.

   12. Class members who wish to object with respect to the proposed settlement, plan of allocation, or attorney fee and expense petition and/or appear in person at the Fairness Hearing must first send an objection and, if intending to appear, a notice of intention to appear, along with a summary statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Eastern District of Tennessee, Joel W. Solomon Federal Building, United States Courthouse, 900 Georgia Avenue, Chattanooga, TN 37402, with copies to the following counsel:

> *On behalf of Plaintiffs and the Class:*
>
> Gordon Ball
> LAW OFFICES OF GORDON BALL
> 7001 Old Kent Drive
> Knoxville, TN 37919
> Tel: (865) 525-7028
>
> *On behalf of Defendant, Mutual Pharmaceutical Company, Inc.:*
>
> Jeffrey Weinberger
> Stuart Senator
> Munger, Tolles & Olson LLP
> 355 South Grand Avenue, 35th Floor
> Los Angeles, CA 90071-1560
> Tel: (213) 683-9528

The objection and/or notice of intention to appear shall state that they relate to *In Re: Skelaxin (Metaxalone) Antitrust Litigation*, MDL No. 2343 (E.D. Tenn.). To be valid, any such objection and/or notice of intention to appear must be postmarked no later than 75 days from mailing of Settlement Notice to the Indirect Purchaser for Resale Settlement Class, and it must include the Indirect Purchaser for Resale Settlement Class member's name, address, telephone number, and signature. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement. All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

13. All proceedings in the Indirect Purchaser for Resale Class Plaintiffs' actions against the Defendant are hereby stayed until such time as the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters final judgment and dismisses these actions with prejudice.

14. In the event that the settlement does not become final, litigation of the Indirect Purchaser for Resale Class Plaintiffs' actions will resume in a reasonable manner to be approved by the Court upon joint application by the Indirect Purchaser for Resale Class Plaintiffs and Defendant as necessary.

15. In the event the Settlement Agreement and the settlement are terminated and/or rescinded in accordance with the applicable provisions of the Settlement Agreement, (a) the Settlement Agreement, the settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void and have no further force and effect; (b) Indirect Purchaser for Resale Class Plaintiffs shall retain full rights to assert any and all causes of action against Defendant(s) and any other released party; and (c)

Defendant(s) and any other released parties shall retain any and all defenses and counterclaims hereto. These actions shall hereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed by Indirect Purchaser for Resale Class Plaintiffs and Defendant(s).

16. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document shall constitute, be construed as, or be deemed to be evidence of or an admission or concession by Defendant as to the validity of any claim that has been or could have been asserted against Defendant or as to any liability by Defendant as to any matter set forth in this Order or to whether any class may certified for purposes of litigation and trial.

SO ORDERED.

/S/
Hon. Curtis L. Collier
U.S. District Court for the Eastern District of Tennessee