# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
### EASTERN DIVISION

| | |
|---|---|
| IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Civil Case No. 4:10-md-02186 BLW |
| THIS DOCUMENT RELATES TO:<br><br>Direct Purchaser Plaintiff's Action | **DECLARATION OF DANIEL ROSENTHAL RE DIRECT PURCHASER SETTLEMENT NOTICE PLAN** |

I, Daniel Rosenthal, declare as follows:

1.     I am a Special Consultant to Kurtzman Carson Consultants ("KCC"), a class action settlement administrator. KCC is located at 75 Rowland Way, Suite 250, Novato, California. I am over 21 years of age and am not a party to this action. I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

2.     The purpose of this Declaration is to provide the Court with my and KCC's qualifications and experiences regarding the development of Class Action Notice Plans and to provide information regarding the Direct Purchaser Notice Plan for distributing notices in this case.

### <u>OVERVIEW</u>

3.     The Notice Program developed by KCC was designed to reach the Direct Purchaser Class.[1] The Notice Plan utilizes individual mailed notice to all known Direct Purchaser Class

---

[1] The reach or net reach of a notice program is defined as the percentage of a class that was exposed to a notice net of any duplication among people who may have been exposed more than once.

Members supplemented with additional mailed notice to a purchased database of potential Direct Purchaser Class Members, print publication and internet activity (including banner ad placements on websites and in e-Newletters) in industry trade media, and the distribution of a press release. A case website and toll-free number will also be established and will allow Class Members access to additional information and documents about the settlement.

4.     The reach of the Notice Program is consistent with other effective court-approved notice programs, and is designed to meet due process requirements. The Federal Judicial Center's (FJC) *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (the FJC Checklist) considers 70-95% reach among class members reasonable. The mailing list will be comprised of approximately 3,260 Class Members provided by the Defendant and will be supplemented with a mailing list of all businesses that have been identified as food wholesalers, as well as leading trade publications in the food service, supermarket and produce trades.  Although we do not have specific data identifying Class Members, based on this thorough coverage of the known and potential Class Members, we believe that more than 70% of the Class will be reached by the Notice Plan; thereby fulfilling the FJC reach requirement.

5.     We have worked with the parties to develop various forms of notice for Court approval. All forms of notice are designed to provide a clear, concise, plain language statement of Class members' legal rights and options.

## EXPERIENCE RELEVANT TO THIS CASE

6.     I have more than 28 years of class action notice and administration experience, and more than 40 years of advertising agency experience. Prior to 1986, I held positions in the consumer products marketing field, including management positions with McCann-Erickson, a leading international advertising agency. In 1986, I founded DANART Communications, the first advertising agency to specialize in planning and placement of legal notices in all types of media. In addition, from 1988 to 2000, I served as Managing Director of a leading class action administration company, where I developed the methodology, computer systems and staff to manage the company's consumer class action administrations. In 2000, I founded Rosenthal & Company LLC ("Rosenthal"), a class action administration company. In 2010, KCC acquired

Rosenthal & Company and DANART Communications. In 2013, I became Special Consultant to KCC, an advisory role in which I provide expertise in developing class action notice and administration plans.

7.      Some case examples for which I have been involved in developing the notice plan and notice documents include: *Verdejo, v. Vanguard Piping Systems*, No. BC448383 (Sup. Ct. Cal.), a multi-state products liability settlement providing additional warranty coverage and reimbursement of costs and expenses due to leaks and reduced water flow of affected plumbing fittings; *In re Sony Vaio Computer Notebook Trackpad* Litigation, No. 9-cv-02109 (S.D. Cal.), a multi-state class action involving class members who purchased computers containing an allegedly defective trackpad pointing device; *Zeller v. E. & J. Gallo Winery*, No. BC432711 (Sup. Ct. Cal.), a national settlement involving class members who purchased wines that were allegedly mislabeled as pinot noir; *Credit/Debit Card Tying Cases*, J.C.C.P. No. 4335 (Sup. Ct. Cal.), a California state antitrust settlement involving consumers who made purchases with a Visa or Mastercard credit or debit card; *Williams v. Motricity, Inc*., No. 2009CH19089 (Cir. Ct. Ill.) and *Walker v. Openmarket, Inc*., No.08CH40592 (Cir. Ct. Ill.), national settlements involving cellular consumers who were allegedly billed for mobile content they did not purchase.

8.      In addition, KCC has been involved with design and implementation of a variety of antitrust matters. Some sample antitrust matters that KCC has handled include, In re Aftermarket Filters Antitrust Litig. No. 08-CV-4883, MDL No. 1957 (N.D. Ill.); In re Hypodermic Product Indirect Purchaser Antitrust Litig. No. 05-CV-1602 (D.N.J.); In re Blood Reagents Antitrust Litig. No. 09-MD-02081, MDL No. 2081 (E.D. Pa.); In re Potash Antitrust Litig. II. No. 08-CV-06910, MDL No. 1996 (N.D. Ill.); In re Nexium (Esomeprazole) Antitrust Litig. No. 12-MD-2409 (D. Mass.); Competition Collision Center, LLC v. Crompton Corp., No. CGC-04-431278 (San Francisco County Super. Ct., Cal.); Kelly v. Smokeless Tobacco Co., No. CGC-02-412861 (San Francisco County Super. Ct., Cal.); and In re Massachusetts Smokeless Tobacco Litig., No. 03-5038 (Suffolk County Super. Ct., Mass.).  Attached hereto as **Exhibit 1** is a more extensive list of antitrust cases for which KCC has prepared and implemented court-approved Notice Plans.

9.     KCC is a class action administrator that specializes in providing comprehensive class action services including, but not limited to, pre-settlement consulting, email and postal mailing campaign implementation, website design, claims administration, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, class member data management, legal notification, call center support, claims administration and other related services critical to the effective administration of class action settlements. KCC has developed efficient, secure and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing and disbursement requirements of settlements to ensure the orderly and fair treatment of class members and all parties in interest.

KCC's business is national in scope. Since 2000, KCC (along with Rosenthal) has administered more than 2,000 matters. As part of these settlements, KCC has provided notice and administration services for cases with class members that range in numbers from 22 to over 26 million, and has distributed settlement payments totaling well over two billion dollars in the aggregate. KCC has administered class action administrations for such defendants as HP-Compaq, LensCrafters, United Parcel Service, Ford, Mitsubishi, Nissan, Whirlpool, ATI Video Cards and TwentiethCentury Fox.

## NOTICE PLAN SUMMARY

### Class Definition

10.     There are two Direct Purchaser Classes seeking certification in this Settlement; a Monetary Relief Class and an Injunctive Relief Class. The Direct Purchaser Monetary Relief Class consists of all persons and entities who, between June 18, 2006 and the date on which the Court enters an order preliminarily approving the Settlement and certifying the Class for Settlement purposes, directly purchased Fresh Potatoes grown in the United States, other than Specialty Potatoes, from: (1) any Defendant or any parent, subsidiary, or affiliate thereof; (2) any member of the cooperative members of United Potato Growers of America, or any parent, subsidiary, or affiliate thereof; any member of the United Potato Growers of Idaho, Inc., or any parent, subsidiary, or affiliate thereof; and (3) any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., or by any member of the

cooperative members of United Potato Growers of America, Inc. The Direct Purchaser Injunctive Relief Class consists of all persons and entities who, between June 18, 2006 and the date on which the Court enters an order preliminarily approving the Settlement and certifying the Class for Settlement purposes, directly purchased Fresh Potatoes grown in the United States, other than Specialty Potatoes, from: (1) any Defendant or any parent, subsidiary, or affiliate thereof; (2) any member of the cooperative members of United Potato Growers of America, or any parent, subsidiary, or affiliate thereof; any member of the United Potato Growers of Idaho, Inc., or any parent, subsidiary, or affiliate thereof; and (3) any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., or by any member of the cooperative members of United Potato Growers of America, Inc. Excluded from the Direct Purchaser Classes are Defendants and their Co-Conspirators, including, but not limited to, any member of United Potato Growers of Idaho, Inc. and United II, the members of the United Potato Growers of America, Inc., and any member of the cooperative members of United Potato Growers of America, Inc., and their respective subsidiaries, affiliates and members; any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., any member of United II Potato Growers of Idaho, Inc., and by any member of the cooperative members of United Potato Growers of America, Inc., and their respective parents, subsidiaries, affiliates and members; and any governmental entities. Specialty Potatoes are excluded from the Settlement and are defined to mean organic, fingerling, blue, long white, and purple potatoes.

### *Individual Notice*

11.     During the week of July 2, 2015, the Long Form Notice and Claim Form, **attached hereto as Exhibits 2 and 3**, will be mailed to approximately 3,260 known Direct Purchaser Class Members from lists provided by the Defendants.[2]  Because these lists may not include all Direct Purchaser Class Members, they will be supplemented with: (1) mailing a Postcard Summary Notice, **attached hereto as Exhibit 4**, to a purchased list of food wholesalers who are likely potential Direct Purchaser Class Members; (2) print publications and internet activity targeting the

---

[2] Defendant lists were combined and exact duplicates were removed.

food service, supermarket and produce trade; and (3) the distribution of a press release. A list of approximately 20,000 Food Wholesalers will be purchased from InfoUSA.[3]

12.     Prior to mailing, the known and purchased lists will be de-duplicated and updated using the United States Postal Service (USPS) National Change of Address (NCOA) database,[4] certified via the Coding Accuracy Support System (CASS),[5] and verified through Delivery Point Validation (DPV).[6]

13.     Notices returned as undeliverable will be re-mailed to any address available through postal service information; for example, the Notice will be re-mailed to the new address, if provided by the USPS on returned pieces. Any returned mailing for which a new address is not provided by the USPS will be researched through credit bureau information and re-mailed if a new address is obtained.

### *Publication Notice*

14.     A Summary Notice, **attached hereto as Exhibit 5**, will be used to supplement and enhance the individual notice effort. Specifically, a Summary Notice will appear once in the selected trade publications listed below.

## FOODSERVICE
### DIRECTOR

- Third page notice in the August issue (available to readers August 17, 2015)
- Circulation: 45,100
  - 20,229 Healthcare (hospitals, nursing homes, long term care/assisted living)
  - 9,674 Schools
  - 8,000 Colleges/Universities
  - 4,142 Contract Management Company Headquarters
  - 1,966 Employee Feeding in an Office, Plant or Factory (including Government and Military Facilities)
- Standard monthly publication

---

[3] InfoUSA delivers a full range of affordable sales and marketing solutions to help businesses acquire, manage and retain customers. Powered by the highest-quality business and consumer contact databases; infoUSA's solutions range from targeted marketing lists and direct marketing solutions to ongoing sales leads.

[4] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and last known address.

[5] Coding Accurate Support System is a certification system used by the USPS to ensure the quality of ZIP+4 coding systems.

[6] Records that are ZIP+4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses and reports exactly what is wrong with incorrect addresses.

- Reports on issues, ideas, and events impacting foodservice professionals in hospitals, nursing homes, colleges, schools, business and industry, transportation, recreational facilities, correctional locations and military installations

![THE PACKER]

- Third page Notice in the July 13, 2015 issue which will be mailed Friday July 10, 2015
- Circulation: 13,019
  - 8,050 (61.7%) Retailers
  - 1,052 (8.0%) Produce Wholesalers/Distributors
  - 1,551 (10.8%) Growers/Shippers/Packers
  - 1,401 (10.8%) Foodservice Distributors/Operators
- Tabloid-size weekly news publication
- Leading source for produce industry news, providing news and information on fresh fruit and vegetable marketing, covering every aspect of the produce industry.

![THE PRODUCE NEWS — Covering Fresh Produce Around The Globe Since 1897]

- Third page Notice in the July 13, 2015 issue which will be mailed July 10, 2015
- Circulation: 13,197
  - 6,210 Retail chains, wholesale grocers, voluntaries, co-ops, wholesale clubs, top 100 c-stores
  - 3,043 Terminal market wholesalers, buying brokers (includes all Blue Book "Trading Members")
  - 1,084 Foodservice distributors who handle fresh produce & buyers for top 100 restaurant chains
  - 2,155 Grower-shippers (includes all Blue Book "Trading Members")
- Standard broadsheet news publication, issued 28x/year
- 118 year-old newspaper targeting the fresh produce market



- Third page Notice in the August issue which mails on July 29, 2015
- Circulation: 28,000, with an average audience of more than 56,000
  - 21,867 subscribers work in headquarters of retailers and wholesalers with management titles
  - 13,428 subscribers consist of the top 75 chains and top 50 small chains and independents
  - 74% of readers are retailers
- Tabloid-size monthly news publication
- Provides grocery brand food-retail professionals with competitive intelligence, news, and information to make smart business decisions

***Internet Notice***

15.     To supplement notice exposures to Direct Purchaser Class Members, Banner Notices, **attached hereto as Exhibit 6**, will be placed on *The Packer's* ([www.thepacker.com](www.thepacker.com)) and *Produce News's* ([www.producenews.com](www.producenews.com)) websites for approximately one month beginning July 2, 2105. Banner Notices will also be placed one time in *The Packer's* and *Produce News's* e-Newsletters the week of July 6, 2015. The banner ads will allow potential Direct Purchaser Class Members access to the case website through an embedded hyperlink.



- *The PULSE* – The Packer e-Newsletter
- Issued 5 days/week
- Subscribers: 35,000
- One-stop daily update on everything produced by *The Packer* in both video and audio formats

- The Produce News e-Newsletter
- Issued 5 days/week
- Subscribers: 63,000
- Includes the most important news of the day as well as commentary from industry experts, people in the news, company profiles, event coverage and more

***Keyword Search Targeting***

16.     To increase the likelihood of the case website being listed in the results for related internet searches, in the design of the website there will be hidden "key words" that visitors to the website do not see.  When the website is launched it will be "announced" to all the main search engines (Google, Bing, etc.) and the keywords will also be disseminated to the search engines.

17.     In addition, the case website will be hyperlinked through paid ads that appear when keyword searches are performed on the Google search engine and through Google's search partners over a one-month period beginning July 2, 2015. The ad links will allow Class members who search for case related terms easy visibility and access to the case website.  The following keywords will be used: potato, potatoes, potato lawsuit, potato settlement, potato class action,

potato price fixing, potato co-conspiracy, potato conspiracy, potato pricing, potato price, potato prices, potatoes settlement, potatoes lawsuit, potatoes pricing, potatoes conspiracy, potatoes co-conspiracy, potatoes prices, fresh potatoes, process potatoes, processed potatoes, fresh potatoes lawsuit, fresh potatoes settlement, fresh potato lawsuit, fresh potato settlement, process potato lawsuit, process potato settlement, process potatoes lawsuit, process potatoes settlement, processed potato lawsuit, processed potato settlement, process potato class action, processed potato class action, fresh potato class action, fresh potatoes class action, potato antitrust, potatoes antitrust.

### *Informational Press Release*

18.     To further enhance exposures, an informational press release, **attached hereto as Exhibit 7**, will be distributed through PR Newswire on July 2 to over 6,580 media outlets, including newspapers, magazines, national wire services, television and radio broadcast media, and web publications throughout the United States. The press release will also be distributed to a "microlist" of approximately 464 contacts within the food industry.

### *Response Mechanisms*

19.     KCC will create and maintain an informational case website that will allow Class Members the ability to obtain additional information about the settlement, including important Court documents, dates, answers to frequently asked questions, and other pertinent case information. The easily-remembered website address (PotatoesAntitrustSettlement.com) will be a joint effort with the Indirect Purchaser case and will provide links to information for both the Indirect Purchase and Direct Purchaser Class. It will be prominently displayed in all printed notice materials and accessible through a hyperlink embedded in the Internet Banner Notices. Added exposure to the website will be achieved through the Indirect Purchaser notice efforts..

20.     A toll-free number will be established to allow Class Members to learn more about the Settlement in the form of frequently asked questions. It will also allow Class Members to request to have more information mailed directly to them. The toll-free number will be prominently displayed in all printed notice materials.

21.     Both the case website and toll-free number will be activated and operational on July 1, 2015, that is, one business day prior to the start of the notice effort.

*Notice Design*

22.     The Notices have been designed with the parties to provide a clear, concise, plain language statement of Class Members' legal rights and options. To ease response, the toll-free number and website address are provided in all printed notice documents and the case website will be accessible through a hyperlink embedded in the internet banner ads.

*Timing of Notice Effort*

23.     Based on a preliminary approval date of June 11, 2015, the notice effort will begin on July 2, 2015 and will continue through August 17, 2015; thereby allowing plenty of time for Class Members to act before the October 16, 2015 opt-out and objection deadline.

## CONCLUSION

24.     The Notice Plan will effectively reach the Direct Purchaser Class with Notices that provide information that allows Class Members to understand their rights and options.

25.     In my opinion, the Notice Plan is consistent with other effective settlement notice programs. It is the best notice practicable and meets the "desire to actually inform" due process communications standard of *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950). The Notice Plan is also consistent with the 70-95% reach guideline set forth in the FJC's Checklist.

26.     At the conclusion of the Notice Plan, KCC will provide a final report verifying its adequacy and effective implementation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  June 1, 2015

_____

Daniel Rosenthal

© 2015 KCC

# Exhibit 1

# Consumer Experience

**Class Action Services**

As a premier class action administrator, KCC partners with legal professionals to ensure successful implementation of consumer class action settlements. KCC's capacity, data-security measures and distribution processes can handle settlements of any size and complexity.

Our experienced consumer services team has administered hundreds of cases, including a high-profile product liability case that involved 28 million class members. Our legal notice experts develop defensible media campaigns and notice methods tailored for each case's specific needs. They ensure notice programs are compliant with Federal and State rules and regulations and offer expert testimony on the effectiveness of legal notice programs.

Through cost-saving innovations—including a patented double-postcard check, online claims filing, and QR (quick response) codes—KCC partners with clients to reduce administration costs.

As the only claims administrator to adhere to the auditing standards outlined in AT Section 101, KCC's proprietary technology and data-handling processes set the industry standard for security, cost efficiency and quality. Our class-leading, data-security protocols involve enterprise risk management and data-theft prevention devised to ensure the utmost in data integrity.

KCC's domestic infrastructure, the largest in the industry, includes a 900-seat call center and production facilities capable of handling hundreds of millions of documents annually. Last year, our disbursement services team distributed $500 billion to payees.

We offer competitive pricing for solutions to reach class members including case-specific websites, live operator support hotlines, IVRs, and distributions via checks, vouchers, coupons and electronic transfers.

**KCC offers cost advantages, industry expertise and secure data management for Consumer class action settlements. To learn more, please email classaction@kccllc.com or call 866.381.9100.**



# Representative Consumer Case Experience

## Class Action Services

| CASE NAME | DOCKET NUMBER | COURT |
|---|---|---|
| Bayhylle v. Jiffy Lube Int'l. | CJ-2002-352 | Cherokee Cty. Dist. Ct., Okla. |
| Benware v. Hugo Boss, U.S.A. | 12-CV-01527 | S.D. Cal. |
| Berry v. Jackson Nat'l Life Ins. Co. | D0I01CV-2000-2603 | Santa Fe County Dist. Ct., N.M. |
| Bowers v. Windstream Kentucky East, LLC | 09-CV-440 | W.D. Ky. |
| Cassese v. Washington Mut., Inc. | 05-CV-02724 | E.D.N.Y. |
| Chamberlain v. Ford Motor Co. | 03-CV-02628 | N.D. Cal. |
| Clemans v. New Werner Co. | 12-CV-5186 | W.D. Wash. |
| Diaz v. HSBC Bank USA, N.A. | 13-CV-21104-FAM | S.D. Fla. |
| Edell v. Bank of America | C-20010051 | Pima County Super. Ct., Ariz. |
| Enfield v. Old Line Life Ins. | D-202-CV-200101367 | Albuquerque  County Dist. Ct., N.M. |
| Fraser v. Asus Computer International | 12-CV-00652 | N.D. Cal. |
| Grider v. Compaq Computer Corp. | CJ-03-969L | Cleveland County Dist. Ct., Okla. |
| Nack v. Reed Elsevier | 13-CV-1147 | Circuit Ct, 19th Judicial Dist, IL |
| In re Nissan Radiator/Transmission Cooler Litig. | 10-CV-07493 | S.D.N.Y. |
| The NVIDIA GPU Litig. | 08-CV-04312 | N.D. Cal. |
| Raab v. Waddell and The Indiana Bureau of Motor Vehicles | 49D12-1303-PL-008769 | Marion County Superior Court, State of Ind. |
| Robles v. Lucky Brand Dungarees, Inc. | 10-CV-04846 | N.D. Cal. |
| Shames v. The Hertz Corp. | 07-CV-02174 | S.D. Cal. |
| Steinfeld v. Discover Financial Services | 12-CV-01118 | N.D. Cal. |
| Stroud v. eMachines, Inc. | CJ-03-968-L | Cleveland County Dist. Ct., Okla. |
| Wise v. Energy Plus Holdings LLC | 11-CV-7345 | S.D.N.Y. |
| Wolph v. Acer America Corp. | 09-CV-1314 | N.D. Cal. |
| Zeisel v. Diamond Foods, Inc. | 10-CV-01192 | N.D. Cal. |

KCC  offers cost advantages, industry expertise and secure data management for Consumer class action settlements. To learn more, please email classaction@kccllc.com or call 866.381.9100.



# Exhibit 2

# NOTICE OF CLASS ACTION SETTLEMENT

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, EASTERN DIVISION**

*A federal court authorized this notice. This is not a solicitation from a lawyer*

## If you purchased Fresh Potatoes
## directly from Defendants, or certain potato growers, packers, or marketers
## you may be a Class Member in a proposed class action settlement.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER OR NOT YOU ACT.**
**PLEASE READ THIS NOTICE CAREFULLY.**

- Plaintiffs, who purchased certain Fresh Potatoes directly from Defendants (as listed below), brought a class action suit alleging that Defendants violated antitrust laws by engaging in a number of anticompetitive actions to control and restrict the supply of potatoes. Plaintiffs argued that these acts caused prices for potatoes in the United States to be higher than they would have otherwise been.

- The parties (Plaintiffs and Defendants) have agreed to settle this case, instead of going to trial. The purpose of this notice is to inform you about the settlement and explain your legal rights to you. If you fall within the "Settlement Classes" as defined herein, you will be bound by the settlement unless you expressly exclude yourself in writing pursuant to the instructions below. This notice is also to inform you of the nature of the action and of your rights in connection with it.

- This notice is not an expression by the Court of any opinion as to the merits of any of the claims or defenses asserted by either side in this case. This notice is intended merely to advise you of the settlement and of your rights with respect to it, including, but not limited to, the right to remain a member of these Settlement Classes or to exclude yourself from them.

- Your rights and options, and the deadlines to exercise them, are explained in this notice.

| YOUR LEGAL RIGHTS AND OPTIONS REGARDING THIS SETTLEMENT: | |
|---|---|
| **FILE A CLAIM BY OCTOBER 16, 2015** | This is the only way to get money from the Settlement. |
| **DO NOTHING** | You will receive the non-monetary benefits of the Settlement (as described below in Section 10) and give up the right to sue the Defendants and certain other entities in the potato industry for the conduct at issue in this case. |
| **EXCLUDE YOURSELF FROM SETTLEMENT CLASS BY OCTOBER 16, 2015** | This is the only way you can be part of any other lawsuit against Defendants and certain other entities in the potato industry for conduct at issue in this case. You will not get payment from this settlement and you must follow the instructions detailed below in order to exclude yourself. |
| **OBJECT TO THE SETTLEMENT BY OCTOBER 16, 2015** | If you do not agree with all or any part of this settlement- you may: Write to the court to say why, or Ask to speak during the Court hearing about the fairness of this settlement, Or both. Even if you object you will remain a member of the Settlement Classes. You must follow the instructions detailed below in order to object. |

Questions? Call 1-866-985-7589 or visit www.PotatoesAntitrustSettlement.com

FXDNOT023

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................. PAGE 2

    1.    Why did I get this notice?

    2.    What is this lawsuit about?

    3.    Who are the Plaintiffs?

    4.    Who are the Defendants?

    5.    Other than purchases of Fresh Potatoes from Defendants, are purchases of Fresh Potatoes from other sellers covered by the Settlement?

    6.    Why is this a class action?

    7.    Why is there a settlement?

    8.    Am I part of this settlement?

**SETTLEMENT BENEFITS FROM THE LAWSUIT**.................................................. PAGE 4

    9.    How much money will be available from this settlement?

    10.    Are there other benefits from the settlement?

    11.    How do I file a claim?

    12.    Am I giving up anything by filing a claim or not filing a claim?

**YOUR RIGHTS AND OPTIONS**............................................................................... PAGE 5

    13.    What happens if I do nothing at all?

    14.    What happens if I want to object to the settlement?

    15.    How do I object to the settlement?

    16.    What happens if I want to be excluded from the settlement?

    17.    How do I exclude myself from the settlement??

**THE LAWYERS REPRESENTING YOU** ..................................................................... PAGE 7

    18.    Do I have a lawyer in this case?

    19.    How will the lawyers be paid?

    20.    Where can I get more information?

**THE COURT'S FAIRNESS HEARING** ........................................................................ PAGE 7

    21.    When and where will the Court decide whether to approve the settlement?

    22.    Do I have to come to the hearing to get my money?

    23.    What if I want to speak at the hearing?

## BASIC INFORMATION

### 1.  Why did I receive this notice?

This legal notice is to inform you of the Settlement that has been reached in the class action lawsuit, *IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION, Civil Case No. 4:10-md-02186 BLW* pending in the United States District Court for the District of Idaho, Eastern Division. You are being sent this notice because you have been identified as a potential customer of one or more of the Defendants in the lawsuit. The settlement agreement can be viewed at **www.PotatoesAntitrustSettlement.com**

## 2. What is this lawsuit about?

In this lawsuit, Plaintiffs allege that, beginning in 2004, Defendants and others engaged in a conspiracy to fix, raise, maintain and/or stabilize the prices at which potatoes were sold in the United States by controlling and restricting the supply of potatoes. Plaintiffs claimed that Defendants and others implemented this price-fixing and supply-management conspiracy by agreeing to take several coordinated actions including, among other methods, 1) agreeing to limit the number of acres planted to potatoes; 2) agreeing to destroy existing Fresh Potato stocks or divert Fresh Potatoes into processing; 3) and agreeing to limit the flow of Fresh Potatoes into the fresh market to stabilize or raise potato prices. Plaintiffs claim that Defendants' actions violated the Sherman Antitrust Act, a federal law that prohibits any agreement that unreasonably restrains competition.  Defendants have denied all of Plaintiffs' claims and have asserted other defenses.

## 3. Who are the Plaintiffs?

Plaintiffs represent both themselves (the named plaintiffs Brigiotta's Farmland Produce and Garden Center, Inc. and J.R. Mazzola, Inc.) and the two Classes of individuals or entities that purchased Fresh Potatoes grown in the United States directly from Defendants, certain producers, and certain packers and marketers in the United States. The classes are defined as:

*Direct Purchaser Plaintiff Monetary Relief Class*:

All persons and entities who, between June 18, 2006 and the date on which the Court enters an order preliminarily approving the Settlement and certifying the Class for settlement purposes [insert actual date in brackets], directly purchased Fresh Potatoes grown in the United States, other than Specialty Potatoes, from: (1) any Defendant or any parent, subsidiary, or affiliate thereof; (2) any member of the cooperative members of United Potato Growers of America, or any parent, subsidiary, or affiliate thereof; any member of the United Potato Growers of Idaho, Inc., or any parent, subsidiary, or affiliate thereof; and (3) any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., or by any member of the cooperative members of United Potato Growers of America, Inc.

*Direct Purchaser Plaintiff Injunctive Relief Class:*

All persons and entities who, between June 18, 2006 and the date on which the Court enters an order preliminarily approving the Settlement and certifying the Class for settlement purposes, directly purchased Fresh Potatoes grown in the United States, other than Specialty Potatoes, from: (1) any Defendant or any parent, subsidiary, or affiliate thereof; (2) any member of the cooperative members of United Potato Growers of America, or any parent, subsidiary, or affiliate thereof; any member of the United Potato Growers of Idaho, Inc., or any parent, subsidiary, or affiliate thereof; and (3) any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., or by any member of the cooperative members of United Potato Growers of America, Inc.

Excluded from the Classes are Defendants and their Co-Conspirators, including, but not limited to, any member of United Potato Growers of Idaho, Inc. and United II, the members of the United Potato Growers of America, Inc., and any member of the cooperative members of United Potato Growers of America, Inc., and their respective subsidiaries, affiliates and members; any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., any member of United II Potato Growers of Idaho, Inc., and by any member of the cooperative members of United Potato Growers of America, Inc., and their respective parents, subsidiaries, affiliates and members; and any governmental entities.

Fresh Potatoes are potatoes that are grown in the U.S. and sold for fresh consumption.  Fresh Potatoes do not include potatoes that are sold for further processing (dehydrating, freezing, canning, chipping, slicing, chopping and packaging).

For purposes of the Settlement, Fresh Potatoes do not include Specialty Potatoes, defined as organic, fingerling, blue, long white, and purple potatoes.

## 4. Who are the Defendants?

Defendants are Albert T. Wada; Wada Farms, Inc.; Wada Family, LLC; Wada Farms Potatoes, Inc.; Wada Farms Marketing Group, LLC; Wada-Van Orden Potatoes, Inc., Pro Fresh LLC; Cedar Farms, LLC, Blaine Larsen Farms, Inc.; Cornelison Farms, Inc.; Michael Cranney d/b/a/ Cranney Farms; Driscoll Potatoes, Inc.; Idahoan Foods LLC; Kim Wahlen; KCW Farms, Inc.; Lance Funk d/b/a Lance Funk Farms;

Pleasant Valley Potato, Inc.; Potandon Produce L.L.C.; Raybould Brothers Farms, LLC; Ronald D. Offutt Jr.; RD Offutt, Co.; Rigby Produce, Inc.; Snake River Plains Potatoes, Inc.; United Potato Growers of America, Inc.; United Potato Growers of Idaho, Inc.; and United II Potato Growers of Idaho, Inc., together with their past and present parents, subsidiaries and affiliates.

**5. Other than purchases of Fresh Potatoes from Defendants, are purchases of Fresh Potatoes from other sellers covered by the Settlement?**

Yes.  The Settlement Classes defined above include purchases from:

- The members of the United Potato Growers of Idaho, identified in Exhibit __ to the Settlement Agreement, as well as purchases from those who packed or marketed potatoes grown by those members;
- The members of the certain other potato membership organizations, identified in Exhibits __ - __ to the Settlement Agreement, as well as purchases from those who packed or marketed potatoes grown by those members.

**6. Why is this a class action?**

Plaintiffs brought this lawsuit as a class action because they believe, among other things, that a class action is superior to filing individual cases in which each plaintiff's recovery would be too small to justify the costs of bringing an individual case, and that the claims of each member of the class present and share common questions of law and fact.

**7. Why is there a settlement?**

The Court has not decided which side was wrong or if any laws were violated. Instead, both sides agreed to settle the case and avoid the cost and risk of trial and appeals that would follow a trial. In this case, the settlement is the product of extensive negotiations. Settling this case allows class members to receive payments and other benefits now. The Class Plaintiffs and their lawyers believe the settlement is best for all class members.

**8. Am I part of this settlement?**

If this notice was mailed to you, the Defendants' records show that you are probably a member of the Settlement Classes. If you are not sure whether you are part of this settlement, you may contact the Class Administrator at:

Call the toll-free number: 1-866-985-7589
Visit: www.PotatoesAntitrustSettlement.com
Write to: Potatoes Antitrust Case Claims Administrator
c/o KCC Class Action Services
P.O. Box 40007
College Station, TX 77842-4007
Email: info@PotatoesAntitrustSettlement.com

## SETTLEMENT BENEFITS FROM THE LAWSUIT

**9. How much money will be available from this settlement?**

The parties agreed to settle the case against all Defendants for $19,500.000. The money in this fund will be used to pay Settlement Class members that submit timely and valid Claim Forms, and will also be used to pay the cost of settlement administration and notice, as approved by the Court, and any attorneys' fees, not to exceed 40 percent of the Settlement amount, and litigation expenses, that may be approved by the Court, and incentive awards for the two named plaintiffs of up to $25,000, if approved by the Court.

The settlement will be distributed on a *pro rata* basis among the members of the Class who timely and properly submit a valid Claim Form. Your *pro rata* share of the Settlement Amount will be based on the dollar amount of your direct purchases of potatoes in the United States from Defendants and certain other entities compared to the total purchases of potatoes by all Class Members submitting timely and valid Claim Forms. The Court retains the power to approve or reject, in part or in full, any individual claim of a Class Member based on equitable grounds.

**10. Are there other benefits from the settlement?**

Yes, In addition to monetary benefits, the defendants have agreed to entry of a "consent order" by the Court. If the Court approves the consent order, Defendants who are producers of potatoes and their cooperatives are prohibited from entering into any agreement setting the number of acres that any producer of potatoes will plant to Fresh Potatoes or otherwise setting the volume or amount of potatoes that any producer of Fresh Potatoes will plant or grow. Among other provisions, the consent order also requires that certain defendants that are membership organizations representing potato producers ensure that their members agree to the consent order, and requires Defendants will work with antitrust compliance counsel to review policies and procedures to make sure they are complying with antitrust laws.

**11. How do I file a claim?**

The Claim Form and instructions for filing a proof of claim are provided with this Notice. Claim Forms must be sent by first-class mail postmarked by October 16, 2015 in order to be considered for a payment from the Settlement Fund.

You should carefully read the descriptions of the respective classes set forth earlier in this notice to verify that you are a Class Member. Next, you should review your records and confirm that you purchased the relevant product(s) during the relevant time period. ***Any Class Member who does not complete and timely return the Claim Form will not be entitled to share in the Settlement***.

If you have records available to calculate and document the dollar amount of your relevant purchases, you must use those records to complete the Claim Form.

Where adequate records are not available to calculate your purchases to be listed on the Claim Form, you may submit purchase information based on verifiable estimates as directed in the Claim Form.

<u>**NOTE:**</u> The Defendants have also agreed to settle claims with a different class of potatoes purchasers consisting of all individuals and entities who purchased fresh potatoes from retailers in Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nevada, New York, North Carolina, South Dakota, Tennessee, Vermont, and Wisconsin for end use and not for resale, between October 14, 2004 and April 10, 2015. To determine whether you are a member of the indirect purchaser class **go to www.PotatoesAntitrustSettlement.com and review the information related to the Indirect Purchaser Plaintiffs**

**12. Am I giving up anything by filing a claim or not filing a claim?**

If you do not exclude yourself, the Settlement will be binding upon you and all other members of the Settlement Classes if the Court grants final approval of the Settlement Agreement. By remaining part of the Settlement, if approved, you will give up any claims against Defendants and certain other entities, identified in exhibits __ - __ of the Settlement Agreement, relating to the claims made or which could have been made in this lawsuit, whether or not you file a claim. If you do file a claim, you will receive monetary benefits from the settlement as detailed above.

<u>**Important!**</u> **If you want to keep your right to be part of any other lawsuit that asks for money based on similar claims, you must opt-out (exclude yourself) from the Settlement Classes**.

| YOUR RIGHTS AND OPTIONS |
|:-:|

**13. What happens if I do nothing at all?**

If you do nothing at all, you will still be bound by the Settlement as detailed in Question 11. If you do nothing at all, you will not receive any money from the settlement. A Claim Form must be timely submitted in order to receive monetary settlement benefits.

**14.   What happens if I want to object to the settlement?**

You may tell the Court you object to (disagree with) all or part of the Settlement. The Court will consider your objection(s) when it decides whether or not to finally approve the Settlement. You will still be part of the Class if you do not exclude yourself, even if you object. Objecting means you tell the Court which part(s) of the settlement you disagree with. This is different from "excluding" yourself from the Settlement. Excluding yourself (also called "opting-out") means you do not want to be, and are not, a member of the Settlement Class.

**15. How do I object to the settlement?**

You must file a Statement of Objections with the Court at this address:

United States District Court for the District of Idaho
James A. McClure Federal Building and United States Courthouse
Office of the Clerk of Court
550 W. Fort Street, Suite 400, Boise, Idaho 83724

You must also send a copy of your Statement of Objections to Class Counsel and Counsel for the Defendants at the following addresses:

**Counsel for Plaintiffs**
James J. Pizzirusso
HAUSFELD LLP
1700 K Street, N.W., Suite 650, Washington, D.C., 20006

**Counsel for Defendants**

| Robert A. Rosenfeld<br>ORRICK HERRINGTON &<br>  SUTCLIFFE LLP<br>The Orrick Building,<br>405 Howard Street,<br>San Francisco, CA 94105 | Steven B. Andersen<br>ANDERSEN BANDUCCI PLLC<br>101 S. Capitol Blvd.<br>Suite 1600<br>Boise, ID 83702 | James A. Wilson<br>VORYS, SATER, SEYMOUR &<br>  PEASE LLP<br>52 East Gay Street,<br>P.O. Box 1008,<br>Columbus, OH 43216 |
|---|---|---|
| Christopher Ondeck<br>PROSKAUER ROSE LLP<br>1001 Pennsylvania Ave NW,<br>Suite 600 South<br>Washington, DC 20004 | Brian McGovern<br>MCCARTHY, LEONARD &<br>  KAEMMERER, L.C.<br>825 Maryville Centre Drive,<br>Suite 300<br>Town & Country, MO 63017 | |

You must send your Statement of Objections postmarked no later than **October 16, 2015**

Your Statement of Objections must contain the following information:

United States District Court for the District of Idaho, Eastern Division
*IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION, Civil Case No. 4:10-md-02186 BLW*

Statement of Objections

I am a member of the Settlement Classes in the case called *IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION, Civil Case No. 4:10-md-02186 BLW*

I am a Class member because [List information that will prove you are a class member, such as your business name and address, and information that you purchased potatoes directly from defendants]. I object to the settlement in this lawsuit. I object to [list what part(s) of the Settlement you disagree with, e.g. the settlement amount, notice procedures, other features.] [Note that you may also object to any requests for attorneys' fees and expenses as part of the same objection, or as part of a separate objection described below].

My reasons for objecting are: [list reasons]
The laws and evidence that support each of my objections are: [list applicable materials]
My personal information is:
Name (first, middle, last):
Address:
Phone No.:
The contact information for my lawyer (if any) is:

**16.   What happens if I want to be excluded from the settlement?**

If you want to be excluded from the Settlement, this means that you will not be bound by the Settlement and may bring your own case against the Defendants or other parties released from future litigation related to these claims as provided by the Settlement Agreement and explained in paragraph 10. However, if you exclude yourself, you will not be entitled to any money from this settlement.

**17. How do I exclude myself from the class?**

To opt-out (exclude yourself) from the Class, send a letter to:

In re *IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION* Settlement
Potatoes Antitrust Case Claims Administrator EXCLUSIONS
c/o KCC Class Action Services, 75 Rowland Way, Suite 250, Novato, CA 94945

Your letter must be postmarked by **October 16, 2015.**  You cannot exclude yourself by phone, fax, email or online. Send your letter by first-class mail and pay for the postage. Keep a copy for your records. Your letter must be signed by a person authorized to do so and state as follows:

I want to exclude [name of class member] from the Settlement Class of the settlement in the case
*IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION*.
My personal information is:
Name (first, middle, last):
Position:
Name of Company:
Address:
Phone No.:
My position at the business that gives me the authority to exclude it from the Settlement Class is as follows:

**Warning!** If your letter is sent after the deadline it will be considered invalid. If this happens, you won't be excluded from the Settlement Class, and you will still be part of the settlement and will be bound by all of its terms.

## THE LAWYERS REPRESENTING YOU

**18.   Do I have a lawyer in this case?**

Yes. The Court has appointed the law firm listed below to represent you in this Settlement. This law firm is called Settlement Class Counsel. Many other lawyers have also worked with Class Counsel to represent you in this case. Because you are a class member, you do not have to pay any of these lawyers. They will be paid from the settlement funds.

James J. Pizzirusso
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, D.C., 20006

If you want to be represented by your own lawyer, you may hire one at your own expense.

**19. How will the lawyers be paid?**

Settlement Class Counsel and other attorneys representing the plaintiffs in this case, in compensation for their time and risk in prosecuting the litigation on a wholly contingent fee basis, intend to apply to the Court for an award, from the Settlement Fund, of attorneys' fees in an amount not to exceed 40 percent of the cash settlement, as well as the costs and expenses incurred (the "Fee Petition"), including fees and costs expended to provide Notice to the Class and administer the Settlement Fund (including the plan of allocation) as well as requesting incentive awards for the named plaintiffs of no more than $25,000 as compensation for their efforts to represent the class.

Class Counsel will file their Fee Petition on or before **August 28, 2015.**  The Fee Petition, which will identify the specific amount of fees requested and the expenses to be reimbursed, will be available on the settlement website, **www.PotatoesAntitrustSettlement.com**, on that date.  Any attorneys' fees, reimbursement of litigation costs, and incentive awards will be awarded only as approved by the Court in amounts it determines to be fair and reasonable.

If you are a Class Member and you wish to object to the Fee Petition, you may file with the Court an objection to the Petition in writing no later than October 16, 2015. In order for the Court to consider your objection, your objection must be sent according the instructions provided under Question No. 14 above.

**20. Where can I get more information?**

For more detailed information concerning matters relating to the Settlement, you may wish to review the "SETTLEMENT AGREEMENT BETWEEN DIRECT PURCHASER PLAINTIFFS AND DEFENDANTS (signed April 10, 2015) available at **www.PotatoesAntitrustSettlement.com.**

You may also wish to visit the settlement website, **www.PotatoesAntitrustSettlement.com**, which also contains answers to "Frequently Asked Questions," as well as more information about and documents relating to the case, including court documents. These documents and other more detailed information concerning the matters discussed in this notice may be obtained from the pleadings, orders, transcripts and other proceedings, and other documents filed in these actions, all of which may be inspected free of charge during regular business hours at the Office of the Clerk of the Court, located at the address set forth in Question No. 14. You may also obtain more information by calling the toll-free helpline at 1-866-985-7589 or sending an email to: info@PotatoesAntitrustSettlement.com.

## THE COURT'S FAIRNESS HEARING

**21. When and where will the Court decide whether to approve the settlement?**

The Court has scheduled a "Fairness Hearing" at _:__ _.m. on __ _____, 2015 at the following address:

United States District Court for the District of Idaho
James A. McClure Federal Building and United States Courthouse
Office of the Clerk of Court
550 W. Fort Street, Suite 400 Boise, Idaho 83724

The purpose of the Fairness Hearing is to determine whether the Settlement is fair, reasonable, and adequate and whether the Court should enter judgment granting final approval of it.

**22. Do I need to come to the hearing to get my money?**

You do not need to attend this hearing to get settlement benefits, although you must file a claim form to get benefits. You or your own lawyer may attend the hearing if you wish, at your own expense.

Please note that the Court may choose to change the date and/or time of the Fairness Hearing without further notice of any kind.  Class Members are advised to check **www. PotatoesAntitrustSettlement.com** for any updates.

**23. What if I want to speak at the hearing?**

You must file a Notice of Intention to Appear with the Court at the address listed in Question 21:

Your Notice of Intention to Appear must be filed by **DATE, 201__.** You must also mail a copy of your letter to Class Counsel and Counsel for the Defendants at the addresses listed in Question 15.

Your Notice of Intention to Appear must be signed and contain the following information:

United States District Court for the District of Idaho, Eastern Division

_____
*IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION, Civil Case No. 4:10-md-02186 BLW*:
_____:
Notice of Intention to Appear
I want to speak at the Fairness Hearing for the case called *IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION,*
My personal information is:
Name (first, middle, last):
Address:
Phone No.:
Personal information for other people (including lawyers) who want to speak at the hearing:

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION REGARDING THIS LAWSUIT.**

# Exhibit 3

**Potatoes Antitrust Case Claims Administrator**
c/o KCC Class Action Services
P.O. Box 40007
College Station, TX 77842-4007

# FXD

## «ScanString»

Claim#: FXD-«AccountID»-«NoticeID»
«Line1»
«Line2»
«Line3»
«Line4»
«Line5»
«Line6»
«Line7»

| Name/Address Changes (if any): |
| --- |
| First Name          Last Name |
| Address |
| City          ,          State          Zip |
| (          )
Telephone |
| Email |

**PROOF OF CLAIM FORM**

**Your Claim Form must be postmarked or completed and submitted online no later than October 16, 2015**

This Claim Form relates to *IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION, Civil Case No. 4:10-md-02186 BLW in the District Court of Idaho, Eastern Division.* In order to determine the amount of any payment to which you may be entitled from the Settlement reached in that case, the Claims Administrator needs to determine the total amount of Fresh Potatoes[1] you purchased in the U.S. directly from one or more of the Defendants, or from certain other entities[2] from June 18, 2006 through **[date of preliminary approval]**. This Settlement is for the benefit of direct fresh potatoes purchasers only; that is, entities or individuals in the United States who bought fresh potatoes directly from Defendants and certain other entities, and not those who purchased fresh potatoes indirectly, such as from retailers or distributors.

This Claim Form may be submitted by first-class mail to the address provided in **General Instruction No. 3** below **or online at www.PotatoesAntitrustSettlement.com.**

Please provide a summary of all Fresh Potatoes that you have purchased in the United States directly from any of the below listed entities, or their subsidiaries or affiliates during the period from June 18, 2006 through **[date of preliminary approval]**.

If you need additional space, please continue on additional pages, make a note of the same on this Claim Form, and submit your additional pages with this Claim Form. Please round the total purchase amount to the nearest dollar. If purchase records are available to allow you to calculate and document the amount of Fresh Potatoes you purchased, you **must** base your claim on those records. The types of acceptable supporting documentation to demonstrate purchases are listed below at **General Instruction No. 6**. If records are not available, you may submit purchase information based on estimates. You need not submit your Supporting Documentation with your Claim Form, but you must save all such Supporting Documentation because you may be required to provide them later. Claims are subject to audit by the Claims Administrator. Incomplete, invalid, or fraudulent claims will be denied. You may be required to provide underlying documentation supporting your claim at a later time in order to receive payment from the Settlement Fund. Please retain all documents supporting your claim until the conclusion of this litigation

---

[1]  "Fresh Potatoes" means potatoes grown in the United States and sold for fresh consumption. Fresh Potatoes does not include Process Potatoes. The Class does not include specialty potatoes including organic, fingerling, blue, long white, and purple potatoes.

[2]  Defendants are Albert T. Wada; Wada Farms, Inc.; Wada Family, LLC; Wada Farms Potatoes, Inc.; Wada Farms Marketing Group, LLC; Wada-Van Orden Potatoes, Inc., Pro Fresh LLC; Cedar Farms, LLC, Blaine Larsen Farms, Inc.; Cornelison Farms, Inc.; Michael Cranney d/b/a/ Cranney Farms; Driscoll Potatoes, Inc.; Idahoan Foods LLC; Kim Wahlen; KCW Farms, Inc.; Lance Funk d/b/a Lance Funk Farms; Pleasant Valley Potato, Inc.; Potandon Produce L.L.C.; Raybould Brothers Farms, LLC; Ronald D. Offutt Jr.; R.D. Offutt, Co.; Rigby Produce, Inc.; Snake River Plains Potatoes, Inc.; United Potato Growers of America, Inc.; United Potato Growers of Idaho, Inc.; and United II Potato Growers of Idaho, Inc., together with their past and present parents, subsidiaries and affiliates.

Claims for purchases of Fresh Potatoes directly from the members of the United Potato Growers of Idaho and from the members of certain other potato grower associations, identified in Exhibits __ through __ to the Settlement Agreement, available at www.PotatoesAntitrustSettlement.com, as well as purchases from those who packed or marketed potatoes grown by those members, are all eligible for payment from the Settlement Fund.



QUESTIONS? CALL TOLL-FREE 1-866-985-7589, or visit www.PotatoesAntitrustSettlement.com

FXDPOC024

| Entity or Individual From Whom You Purchased Fresh Potatoes | Dollar Value of Fresh Potatoes Purchased (June 18, 2006 – DATE) |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

**SECTION A** – Claimant Information

1. Name of person filing this Claim Form: _____

2. Title/Position: _____

3. Telephone #: _____

4. E-mail Address: _____

5. Names by which the Claimant on whose behalf this form is being filed has been known (including FEINs) during the period June 18, 2006 through [**DATE**] (If the claimant is e known by more names than can fit below, please include with your claim a complete list of entity names and locations)

_____

_____

**NOTE**: There is a separate case and a separate settlement involving potatoes purchased from retailers, and such purchases are **not** included in this settlement. See item 7 under General Instructions

**B – Jurisdiction of the Court and Your Certification**

I hereby certify under penalty of perjury that:

1. The information provided in this Claim Form is accurate and complete to the best of my knowledge, information and belief;

2. I am authorized to submit this Claim Form on behalf of the Claimant;

3. I have documentation to support my claim and agree to provide additional information to the Claims Administrator to support my claim if necessary, OR, if I do not have documentation, I have explained why purchase documents are not available and why estimates are reasonable;

4. I am either (a) a member of the Settlement Class and did not request to be excluded from the Settlement Class or (b) the assignee or transferee of, or the successor to, the claim of a member of the Settlement Class and did not request to be excluded from the Settlement Class;

5. I am neither a Defendant, nor a parent, employee, subsidiary, affiliate or co-conspirator of a Defendant, nor an entity or individual excluded from the Settlement Class;

6. I have not assigned or transferred (or purported to assign or transfer) or submitted any other claim for the same purchases of Fresh Potatoes and have not authorized any other person or entity to do so on my behalf; and

7. I have read and, by signing below, agree to all of the terms and conditions set forth in this Claim Form.





I declare under penalty of perjury under the laws of the United States of America that the information provided in this Claim Form is true and correct.

This Verification was executed on the _____ day of _____ in 201_____ in

_____ (city, state, country)

_____
Signature

_____        _____
Title or Position (if applicable)                          Print Name

If you have any questions or concerns regarding your claim, please contact the Claims Administrator at:

**Potatoes Antitrust Case Claims Administrator**
**c/o KCC Class Action Services**
**P.O. Box 40007**
**College Station, TX  77842-4007**

**Tel: 1-866-985-7589 (inside the U.S.)**
**Email: info@PotatoesAntitrustSettlement.com**

This Claim Form and the information you provide in your claim will be treated as CONFIDENTIAL and will be used solely for purposes of administering this settlement.

### GENERAL INSTRUCTIONS

1. **Authorized Claimant**: This Claim Form must be signed and verified by the claimant or a person authorized to act on behalf of the claimant.

2. **Third-Party Solicitors:** There are companies that may contact you and offer to help you file Claim Forms in exchange for a share of the money that you may ultimately recover or for other compensation. Please be advised that you do not need to pay any such company in order to file a Claim Form. Assistance is available from the Claims Administrator and Class Counsel at no cost to you.

3. **Submission of Claim**: This Claim Form may be submitted by first-class mail, or it may be completed and submitted online at **www.PotatoesAntitrustSettlement.com.** If you mail the Claim Form, it must be postmarked by **October 16, 2015** and addressed to:

**Potatoes Antitrust Case Claims Administrator**
**c/o KCC Class Action Services**
**P.O. Box 40007**
**College Station, TX 77842-4007**

If you submit the Claim Form online, it must be completed and submitted by **October 16, 2015**. If you fail to mail a timely, properly addressed Claim Form or submit a timely online Claim Form, your claim may be rejected and you may be precluded from any recovery. Do not send a Claim Form to the Court or to any of the parties or their counsel.

4. **Completion of Claim Form:** Please type or neatly print all requested information. Failure to complete all parts of the Claim Form legibly may result in denial of the claim, may delay processing, or may otherwise adversely affect your claim.





5.   **Verification**: The Claims Administrator is authorized to request from persons or entities submitting Claim Forms any documentation necessary to verify all information in the Claim Form or to prevent consideration of duplicate claims submitted by a class member. Failure to provide such information in response to such request may lead to rejection of your claim.

6.   **Supporting Documentation**: Below is a list of acceptable supporting documentation.

| Type of Supporting Documentation | Description |
|---|---|
| Supplier/Seller Invoices | Invoices from Defendants or certain other entities[3] which indicate products purchased, dates of puchases, and payment(s) made. |
| Proof of Payment | Copies of canceled checks, wire transfers or other documents indicating payments for purchases of fresh potates to Defendants or certain other entities. |
| In-House Purchase Reports | Software that tracks purchases. |
| Supplier/Seller Packing Slips | Must clearly indicate that product was shipped. |
| Supplier/Seller Statements of Account | Must clearly indicate that product was shipped. |
| Purchase Order Receipt Audits | Must clearly indicate that product was shipped. |

7.   **Membership in Direct and Indirect Classes:** A Direct Purchaser is a person or business who bought fresh potatoes directly from one or more of the Defendants or certain other entities themselves, as opposed to buying from an intermediary (such as a retailer or distributor who is not among the entities listed in footnote 3). An indirect purchaser is someone who purchased fresh potatoes through an intermediary such as a retailer or distributor who is not a named Defendant or identified in footnote 3 of these instructions. You could be a member of both the direct purchaser class and the indirect purchaser class (limited to purchases from retailers), and you might qualify to receive payment from both settlements. It depends on from whom you purchased fresh potatoes during the Class Period. However, you cannot collect twice for the same purchase; so if you make a claim in the direct case, you cannot make a claim for the *same* purchase in the indirect case.

8.   **Keep a Copy**: For your records, keep a photocopy of your completed Claim Form. You should also retain any and all documents and records you may have concerning purchases of Fresh Potatoes in the United States during the period June 18, 2006 through [**DATE OF PRELIMINARY APPROVAL**].

9.   **Changes of Address**: Keep the Claims Administrator advised of any change in your current mailing address.

---

3   Defendants are Albert T. Wada; Wada Farms, Inc.; Wada Family, LLC; Wada Farms Potatoes, Inc.; Wada Farms Marketing Group, LLC; Wada-Van Orden Potatoes, Inc., Pro Fresh LLC; Cedar Farms, LLC, Blaine Larsen Farms, Inc.; Cornelison Farms, Inc.; Michael Cranney d/b/a/ Cranney Farms; Driscoll Potatoes, Inc.; Idahoan Foods LLC; Kim Wahlen; KCW Farms, Inc.; Lance Funk d/b/a Lance Funk Farms; Pleasant Valley Potato, Inc.; Potandon Produce L.L.C.; Raybould Brothers Farms, LLC; Ronald D. Offutt Jr.; R.D. Offutt, Co.; Rigby Produce, Inc.; Snake River Plains Potatoes, Inc.; United Potato Growers of America, Inc.; United Potato Growers of Idaho, Inc.; and United II Potato Growers of Idaho, Inc., together with their past and present parents, subsidiaries and affiliates.

Claims for purchases of Fresh Potatoes directly from the members of the United Potato Growers of Idaho and from the members of certain other potato grower associations, identified in Exhibits __ through __ to the Settlement Agreement, available at www.PotatoesAntitrustSettlement.com, as well as purchases from those who packed or marketed potatoes grown by those members, are all eligible for payment from the Settlement Fund.



# Exhibit 4

**LEGAL NOTICE**

If you purchased Fresh Potatoes Directly From Certain Entities from June 18, 2006 - ____ you May be Entitled to a Cash Payment from a Class-Action Settlement

*A Federal Court authorized this notice. It is not a solicitation from a lawyer.*

For detailed information about your legal rights and options, visit: www.PotatoesAntitrustSettlement.com or call 1-866-985-7589

FXD

Potatoes Antitrust Case
Claims Administrator
c/o KCC Class Action Services
P.O. Box 40007
College Station, TX  77842-4007

## «ScanString»

Postal Service: Please do not mark barcode

Claim#: FXD-«AccountID»-«NoticeID»
«Line1»
«Line2»
«Line3»
«Line4»
«Line5»
«Line6»
«Line7»

A Settlement has been reached in the class action lawsuit, IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION, No. 4:10-md-02186 pending in the U.S. District Court for the District of Idaho, Eastern Division.

**Who is included in Settlement?** Plaintiffs represent both themselves (the named plaintiffs) and the two Classes of direct potato purchasers across the United States. The classes include everyone who purchased Fresh Potatoes directly from certain entities from June 18, 2006 through _____. For an explanation of the term Fresh Potatoes and the entities whose sales of Fresh Potatoes are covered by the Settlement Agreement, please review the long-form notice and Settlement Agreement available at www.PotatoesAntitrustSettlement.com.

**What does the Settlement provide?** The parties agreed to settle the case for a $19,500,000 payment from Defendants to the Class. The Settlement also bars producers of potatoes and certain membership organizations from agreeing among themselves regarding the volume or amount of potatoes that any producer will plant or grow, among other relief.

**What do I do now?** If you are a Class Member your legal rights are affected, and you have choices to make. **Participate in the Settlement**. You may be eligible to receive a payment from the Settlement Fund if you submit a completed Claim Form (postmarked or submitted online no later than October 16, 2015. **Ask to be excluded**: If you wish to exclude yourself from the Settlement and wish to retain your rights to pursue your own lawsuit relating to the claims alleged in this lawsuit, you must formally exclude yourself from one or both Classes by sending a signed letter to the Claims Administrator postmarked on or before October 16, 2015. **Object**: You may notify the Court that you object to the Settlement by mailing a statement of your objection(s) to the Court, Settlement Class Counsel, and Defense Counsel postmarked by October 16, 2015. Detailed instructions on how to participate, opt out or object are on the settlement website www.PotatoesAntitrustSettlement.com. Claim Forms are available on the website.

**Who represents you?** The Court appointed Settlement Class Counsel to represent the Classes. You do not have to pay them or anyone else to participate. You may hire your own lawyer at your own expense.

**When will the Court decide whether to approve the Settlement? At __:__ p.m. on _____ __, 201_, at the**

United States District Court for the District of Idaho
James A. McClure Federal Building and United States Courthouse
Office of the Clerk of Court
550 W. Fort Street, Suite 400, Boise, Idaho 83724,

the Court will hold a hearing to determine the fairness and adequacy of the Settlement of the Settlement in an amount not to exceed 40 percent of the settlement amount and reimbursement of litigation costs, and a $25,000 incentive award to each Named Plaintiff. You may appear at the hearing, with or without your own attorney, but are not required to do so.

**How can I learn more?** This postcard is only a summary. For more information, visit www.PotatoesAntitrustSettlement.com.

# Exhibit 5

**Legal Notice**

**If you purchased fresh potatoes directly from certain entities June 18, 2006 through _____ __, 201_, you could be a Class Member in a proposed class action Settlement.**

This legal notice is to inform you of the Settlement that has been reached in the class action lawsuit, IN RE FRESH AND PROCESS POTATOES ANTITRUST LITIGATION, No. 4:10-md-02186 pending in the U.S. District Court for the District of Idaho, Eastern Division

**Who is included in Settlement?**

Plaintiffs represent both themselves (the named plaintiffs) and the two Classes of direct potatoes purchasers across the United States. The classes include everyone who purchased Fresh Potatoes directly from certain entities from June 8, 2006 through _____. For an explanation of the term Fresh Potatoes and the entities whose sales of Fresh Potatoes are covered by the Settlement Agreement, please review the long-form notice and settlement agreement available at **www.PotatoesAntitrustSettlement.com**.

**What is this case about?**

In this lawsuit, Plaintiffs allege that Defendants violated antitrust laws by engaging in a number of anticompetitive actions to control and restrict the supply of potatoes. Plaintiffs argued that these acts caused prices for potatoes in the United States to be higher than they would have otherwise been.

**What does the Settlement provide?**

The parties agreed to settle the case for $19,500.000 from Defendants. The Settlement also bars producers of potatoes and certain membership organizations from agreeing among themselves on the volume or amount of potatoes that any producer will plant or grow, among other relief.

**What do I do now?**

If you are a Class Member your legal rights are affected, and you now have choices to make. **Participate in the Settlements**. You may be eligible to receive a payment from the Settlement Fund if you submit a completed claim form (postmarked or submitted online no later than Oct. 16, 2015. **Ask to be excluded:** If you wish to exclude yourself from the Settlement and retain your rights to pursue your own lawsuit relating to the claims alleged in this lawsuit, you must formally exclude yourself from one or both Classes by sending a signed letter to the Claims Administrator postmarked on or before Oct. 16, 2015. **Object:** You may notify the Court that you object to the settlement by mailing a statement of your objection(s) to the Court, Plaintiffs' Counsel, and Defense Counsel postmarked by Oct. 16, 2015. Detailed instructions on how to participate, opt out or object are on the settlement website, **www.PotatoesAntitrustSettlement.com**.

**Who represents you?**

The Court appointed Settlement Class Counsel to represent you. You do not have to pay them or anyone else to participate. You may hire your own lawyer at your own expense.

**When will the Court decide whether to approve the Settlement?**

At __:__ p.m. on _____, 2015, at the United States District Court for the District of Idaho, James A. McClure Federal Building and United States Courthouse, Office of the Clerk of Court, 550 W. Fort Street, Suite 400, Boise, Idaho 83724, the Court will hold a hearing to determine the fairness and adequacy of the Settlement. You may appear at the hearing, but are not required to do so.

Please note that the Court may change the date and/or time of the Fairness Hearing without further notice. Settlement Class members are advised to **check the settlement web site** for any updates.

**How can I learn more?**

This notice is only a summary. For more information, visit **www.PotatoesAntitrustSettlement.com** or call 866-985-7589.

# Exhibit 6

**<u>Internet Banners</u>**

1. Leaderboard—728 x 90 pixel



2. Medium Rectangle—300 x 250 pixel



3. Wide Skyscraper—160 x 600 pixel



# Exhibit 7

Press Release

Purchasers of fresh potatoes may be entitled to money from a settlement in a class-action lawsuit pending in federal court in Idaho, Hausfeld LLP announced. The settlement provides a cash payment of $19.5 million and a portion of that amount will be distributed to those who purchased potatoes directly from defendants and certain other producers and sellers of potatoes between June 18, 2006 and _____ and who file claim forms before October 16, 2015. Several thousand potato buyers received notices and claim forms in the mail this week, alerting them to the settlement.

A website, www.PotatoesAntitrustSettlement.com, provides information about the case and the Settlement, and includes read case-related documents, and claim forms that can be submitted online or by mail. Class members can also call a toll-free hotline to get information at 866-985-7589. The amount each class member will receive will depend on the number of claims made.

The case, titled *In re Fresh and Process Potatoes Antitrust Litigation*, was filed in 2010. The plaintiffs allege that defendants, who include various farms, marketing groups and cooperatives conspired among themselves and others to fix, raise, maintain and/or stabilize the prices at which potatoes were sold in the United States by controlling and restricting the supply of potatoes. Plaintiffs claimed that Defendants implemented this price-fixing and supply-management conspiracy by agreeing to take several coordinated actions including, among other methods: 1) agreeing to limit the number of acres planted to potatoes; 2) agreeing to destroy existing Fresh Potato stocks or divert Fresh Potatoes into processing; 3) and agreeing to limit the flow of Fresh Potatoes into the fresh market to stabilize or raise potato prices. Plaintiffs claim that Defendants' actions violated the Sherman Antitrust Act, a federal law that prohibits any agreement that unreasonably restrains competition. The defendants denied all of the charges throughout the litigation. The parties agreed to settle the action to avoid the cost and risk of trial and appeals that would likely follow a trial.

The Court held a hearing on June 11 to determine whether to grant preliminary approval to the settlement, and preliminary approved it on [date]. Class members have until October 16, 2015 to make claims, object to the settlement or exclude themselves from it. Information regarding class members' rights and options can be found at www.PotatoesAntitrustSettlement.com.