UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION** | Case No. 4:10-MD-2186-BLW<br><br>**MEMORANDUM DECISION** |
| **THIS DOCUMENT RELATES TO:**<br><br>Kansas Tag-Along Action Only<br><br>*Associated Wholesale Grocers, Inc. v. United Potato Growers of America, et. al.* | |

## INTRODUCTION

On June 2, 2015, the Court heard oral argument on the legal question whether the per se or rule of reason standard will apply to Potandon's counterclaim against AWG. The Court issues this Memorandum Decision explaining why the rule of reason standard shall apply.

## ANALYSIS

The Kansas statute on retroactive application of certain amendments, K.S.A. 50-164, states that that the rule of reason standard will apply in KRTA cases retroactively "but causes of action that were pending in any court before the effective date of this act, shall not be abated." Kansas, like almost every other state, follows the rule that when a

MEMORANDUM DECISION - 1

statute is plain and unambiguous, courts must give effect to the statute's express language, rather than determine what the law should or should not be. *O'Brien v. Leegin Creative Leather Products, Inc.*, 277 P.3d 1062 (Kan. 2012).

Here, the statute unambiguously states that the rule of reason standard will apply in KRTA cases except to causes of action pending before the statute's effective date. According to Black's Law Dictionary, a cause of action is "a group of operative facts giving rise to one or more bases for suing; a factual situation that entitles one person to obtain a remedy in court from another person; CLAIM." *Black's Law Dictionary* (10 ed. 2014).

In this case, AWG's claim against Potandon, and Potandon's counterclaim against AWG, are separate causes of action filed at different times. AWG's claim against Potandon had been filed, and was thus pending, before the legislation on retroactive application was enacted—so the rule of reason standard does not apply. However, Potandon's counterclaim was not pending before the legislation was enacted, so the rule of reason standard does apply. This potentially causes a somewhat odd application of the law in this case, but that does not mean the retroactive application statute is ambiguous; it does not change the definition of a pending cause of action.

The real question, then, is whether such an application of the law causes a due process violation for Potandon. The Court finds that it does not. "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law." *Landgraf v.*

*USI Film Prods.*, 511 U.S. 244, 269 (1994) (citations omitted). Whether a plaintiff has a vested right is primarily determined by whether it has taken action to avail itself of a right. *Montoya v. Holder*, 744 F.3d 614, 616 (9th Cir. 2014). Thus, prior to asserting its counterclaim, Potandon had no vested right – it only had an expectation that the per se standard would govern a lawsuit under the KRTA. There is no constitutional due process violation because that expectation was not fulfilled.

As AWG suggested, the Kansas Supreme Court has found the vested rights analysis inseparable from the ultimate due process analysis. *Resolution Trust*, 892 P.2d 497, 503 (Kan. 1995). *Resolution Trust* sets forth a three factor test for considering the constitutionality of retroactive legislation applied to a pending claim: "(1) the nature of the rights at stake (e.g., procedural, substantive, remedial), (2) how the rights were affected (e.g., were the rights partially or completely abolished by the legislation; was any substitute remedy provided), and (3) the nature and strength of the public interest furthered by the legislation." *Brennan v. Kansas Ins. Guar. Ass'n*, 264 P.3d 102, 113 (Kan. 2011) (*quoting Resolution Trust*, 892 P.2d at 503 (Kan. 1995)).

Here, the test supports a finding that there is no due process violation. First, the nature of the right at stake is Potandon's right to have the per se standard applied to its counterclaim instead of the rule of reason standard. Applying a difference evidentiary standard to the counterclaim than the one expected by Potandon does not affect a substantive legal right. In fact, the Kansas Legislature indicated that the amendment was only enacted to clarify the applicable evidentiary standards. K.S.A. 50-163(a).

Second, notwithstanding Potandon's argument that its counterclaim will be effectively abolished if the rule of reason standard is applied, the new KRTA does not eliminate the counterclaim. The Court does agree that the counterclaim is likely unsustainable – but that is because of the facts of the case, not the evidentiary standard. And to be completely forthright, the Court has serious concerns about the merits of Potandon's counterclaim even under a per se analysis.

Third, by clarifying the applicable evidentiary standard to be applied to KRTA claims, the Kansas Legislature aligned the Kansas statute with federal law. Such alignment guides businesses subject to the KRTA prospectively. Carving out exceptions for any business actions taken before the amendment took effect would defeat this purpose and the public interest in a uniform application of the law prospectively. Under all the circumstances, the Court cannot find a due process violation in applying the amendment as required by the Kansas legislature.

Accordingly, the Court will apply the rule of reason standard to Potandon's counterclaim. The Court understands that, with such a finding, Potandon will likely withdraw its counterclaim. The Court will give Potandon approximately 3 weeks to make that determination.

## ORDER

1. The rule of reason standard shall apply to Potandon's counterclaim. Potandon shall notify the Court and AWG on or before **July 29, 2015** whether it intends to pursue its counterclaim. If it does, the Court will

consider the process for whether Potandon can amend its counterclaim in light of the Court's ruling.

DATED: July 8, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION - 5**