UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION** | **Case No. 4:10-MD-2186-BLW** |
| | **MEMORANDUM DECISION AND ORDER** |
| **THIS DOCUMENT RELATES TO:** | |
| Kansas Tag-Along Action Only | |
| *Associated Wholesale Grocers, Inc., v. United Potato Growers of America, Inc., et. al.,* | |

## INTRODUCTION

The Court has before it Defendant Idahoan Foods LLC's Motion to Modify Associated Wholesale Grocers' Designation of Certain Documents as Highly Confidential (Dkt. 890), and Associated Wholesale Grocers, Inc.'s Motion for Entry of Final Judgment Under Rule 54(b) on Potandon Produce's Counterclaim (Dkt. 908). Jones Waldo's motion for Fees and Costs is also pending, but Magistrate Judge Dale will address that motion in a separate order given her role with discovery in this matter.

## ANALYSIS

### I.    Confidentiality Motion

Idahoan Foods asks the Court to require AWG to re-designate certain documents as "confidential" instead of "highly confidential" pursuant to the protective order in this

case. The substantive difference between a "confidential" document and a "highly confidential" document is that a "highly confidential" may not be disclosed to the parties or to the parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of this litigation. *Protective Order,* pp.4-7, Dkt. 62. According to the Protective Order, "highly confidential" material includes,

> [I]nformation the designating Party believes in good faith contains competitive or highly sensitive information such as, *inter alia*, (i) an individual's family, financial, medical or personnel records; (ii) current or prospective business plans, market analysis or internal strategy or proprietary planning processes; (iii) information regarding actual historical or projected sales volumes, actual or proposed customer contracts, pricing or similar competitively sensitive materials; (iv) material or information constituting a trade secret, within the meaning of Fed. R. Civ. P. 26(c)(1)(G), in the possession of a Party or person, including trade secrets of others; or (v) material or information in possession of a Party or person where said Party or person has an independent written obligation of confidentiality to a third party or person. This designation must be made by or under the supervision of an attorney.

*Protective Order,* pp.2-3, Dkt. 62. If a designation of "highly confidential" is challenged, the designating party retains the burden of establishing its designation. *Id* at p.7.

The documents at issue are thirteen spreadsheets of transactional data from AWG's archived database reflecting its purchases of potato products from Idahoan. AWG notes that, on their face, the spreadsheets contain sensitive information such as dates, volumes, pricing, special discounts, product mixes, and frequencies of AWG's purchases from Idahoan. AWG explains that the spreadsheets reveal aspects of its purchasing strategy, trends, and goals which it believes are competitively sensitive. AWG further explains that it does not share this information with competitors or suppliers.

ORDER - 2

The Court concludes AWG has a justified and good faith belief that the information is "highly confidential" in that it relates to "actual historical or projected sales volumes, actual or proposed customer contracts, pricing or similar competitively sensitive materials." Moreover, the Court agrees that AWG's proffered compromise that Idahoan, but not the other defendants, be allowed to see the documents is sufficient to allow Idahoan to defend itself in this case. Accordingly, the Court will deny the motion.

## II.     Rule 54(b) Motion

Earlier, the Court entered summary judgment in favor of AWG on Potandon's counterclaim. Dkt. 879. AWG now asks for entry of final judgment under Rule 54(b). Potandon agrees that the Court should enter a 54(b) judgment so that it can appeal the ruling, but it asks the Court to stay the proceedings related to the counterclaim, including any petition for fees, until the appeal is resolved.

"If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d) advisory committee notes on 1993 amendments; *see also Apple Inc. v. Samsung Electronics Co., Ltd.,* 2014 WL 4745933, *4 (N.D. Cal. 2014). As the district court in *Apple* noted, other district courts within the Ninth Circuit have routinely applied this committee note to both claims for fees and claims for costs. *Apple,* 2014 WL 4745933, at 4; (*citing Friends of Tahoe Forest Access v. U.S. Dep't of Agric.,*

2014 WL 1575622, at *1 (E.D. Cal. 2014); *Lasic v. Moreno*, 2007 WL 4180655, at *1 (E.D. Cal. 2007).

Here, the Court will exercise its discretion to not defer a decision on costs pending resolution of Potandon's appeal.  Although the Court foresees some differences of opinion by the parties on what should be included in those costs, the Court does not believe the burden of addressing the issue now outweighs the general rule that a prevailing party has an interest in the prompt payment of its costs. And the Court finds no merit in Potandon's argument that a potential reversal of this Court's decision on appeal would make the decision premature.  This argument can be made in every case, and would require that the general rule be changed to provide that costs and fees never be addressed pending appeal. Additionally, Potandon's suggestion that addressing costs while litigating the rest of the case overburdens Potandon's counsel is unpersuasive. Potandon is represented by Proskauer Rose, LLP, one of the world's largest international law firms. Proskauer Rose undoubtedly has the resources to represent Potandon on all fronts.

## ORDER

**IT IS ORDERED:**

1. Defendant Idahoan Foods LLC's Motion to Modify Associated Wholesale Grocers' Designation of Certain Documents as Highly Confidential (Dkt. 890) is **DENIEED**.

2. Associated Wholesale Grocers, Inc.'s Motion for Entry of Final Judgment Under Rule 54(b) on Potandon Produce's Counterclaim (Dkt. 908) is **GRANTED**, and the Court will not stay proceedings related to a petition for costs. The Court will enter a separate Judgment on the counterclaim.



DATED: July 18, 2016

B. Lynn Winmill
Chief Judge
United States District Court